Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

United States District Court
Southern District of Texas
**FILED**

DEC 1 5 2020

**David J. Bradley, Clerk of Court**

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas ☑

Brownsville Division

BERI DAVE

Case No.  **B-20-209**

*(to be filled in by the Clerk's Office)*

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.*
*If the names of all the plaintiffs cannot fit in the space above,*
*please write "see attached" in the space and attach an additional*
*page with the full list of names.)*

Jury Trial: *(check one)* ☑ Yes ☐ No

-v-

POLICE OFFICER DAVID C. LAIRD, POLICE
DETECTIVE "JOHN DOE", CHIEF OF POLICE
CLAUDINE O'CARROLL, CITY OF SOUTH PADRE
ISLAND TEXAS.

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the*
*names of all the defendants cannot fit in the space above, please*
*write "see attached" in the space and attach an additional page*
*with the full list of names. Do not include addresses here.)*

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Non-Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## I.      The Parties to This Complaint

### A.      The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | | | |
|---|---|---|---|
| Name | Beri Dave | | |
| Address | 3213 Lazy Palm Dr | | |
| | Harlingen | TX | 78552 |
| | *City* | *State* | *Zip Code* |
| County | Cameron | | |
| Telephone Number | 206-785-8554 | | |
| E-Mail Address | dojinsdeo1@msn.com | | |

### B.      The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 1

| | | | |
|---|---|---|---|
| Name | David C. Laird | | |
| Job or Title *(if known)* | Police Officer (South Padre Island Police Department) | | |
| Address | 4601 Padre Blvd | | |
| | South Padre Island | TX | 78597 |
| | *City* | *State* | *Zip Code* |
| County | Cameron | | |
| Telephone Number | 956-761-5454 | | |
| E-Mail Address *(if known)* | dlaird@myspi.org | | |

☐ Individual capacity   ☑ Official capacity

Defendant No. 2

| | | | |
|---|---|---|---|
| Name | "John Doe" | | |
| Job or Title *(if known)* | Detective (South Padre Island Police Department) | | |
| Address | 4601 Padre Blvd | | |
| | South Padre Island | TX | 78597 |
| | *City* | *State* | *Zip Code* |
| County | Cameron | | |
| Telephone Number | 956-428-4747 | | |
| E-Mail Address *(if known)* | | | |

☐ Individual capacity   ☑ Official capacity

Defendant No. 3

| | |
|---|---|
| Name | Claudine O'Carroll |
| Job or Title *(if known)* | Chief of Police |
| Address | 4601 Padre Blvd |

| | | | |
|---|---|---|---|
| | South Padre Island | TX | 78597 |
| | *City* | *State* | *Zip Code* |

| | |
|---|---|
| County | Cameron |
| Telephone Number | 956-761-8142 |
| E-Mail Address *(if known)* | COcarroll@MySPI.org |

[ ] Individual capacity   [✓] Official capacity

Defendant No. 4

| | |
|---|---|
| Name | City of South Padre Island Texas |
| Job or Title *(if known)* | City Government |
| Address | 4601 Padre Blvd |

| | | | |
|---|---|---|---|
| | South Padre Island | TX | 78597 |
| | *City* | *State* | *Zip Code* |

| | |
|---|---|
| County | Cameron |
| Telephone Number | (956) 761-6456 |
| E-Mail Address *(if known)* | RSmith@MySPI.org (Mayor) |

[ ] Individual capacity   [✓] Official capacity

## II.   Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.   Are you bringing suit against *(check all that apply)*:

[ ] Federal officials (a *Bivens* claim)

[✓] State or local officials (a § 1983 claim)

B.   Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials? 1st, 4th, 5th and 14th amendments to the United States Constitution: freedom of speech; freedom of the press; right to assemble; right to petition government for a redress of grievances; unlawful search and seizure; right against self incrimination; right to life, liberty, property and bodily integrity and against unlawful use of force.
18 USC 1983: Deprivation of Rights Under Color of Law.

C.   Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

N/A

D.      Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983.  If you are suing under section 1983, explain how each defendant acted under color of state or local law.  If you are suing under *Bivens*, explain how each defendant acted under color of federal law.  Attach additional pages if needed.
        See attached:

## III.   Statement of Claim

State as briefly as possible the facts of your case.  Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events.  You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.      Where did the events giving rise to your claim(s) occur?
        South Padre Island Police Department unmarked public breezeway leading to rear of City Government Building at 4601 Padre Blvd, South Padre Island, Texas 78597

B.      What date and approximate time did the events giving rise to your claim(s) occur?
        On or about October 14, 2020 at approximately 6:30PM.

C.      What are the facts underlying your claim(s)?  *(For example:  What happened to you?  Who did what? Was anyone else involved?  Who else saw what happened?)*
        See attached continuation page, numbered as pages "1" through "13".

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## IV.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

I sustained localized pain and swelling to the area that the handcuffs were slapped on and wrenched closed. The pain as well as the swelling subsided within hours and I did not request nor receive medical treatment.

## V.    Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

WHEREFORE, I, BERI DAVE, Plaintiff, demand judgment and pray for the following relief, jointly and severally, against all Defendants:

a. Full and fair compensatory damages in an amount to be determined by a jury;

b. Punitive damages in an amount to be determined by a jury for:

yet to be diagnosed and treated psychological damage; physical and emotional distress; public humiliation; fear and stress inflicted at the time of my arrest; loss of reputation; loss of wages (preparing this action pro se consumed approximately 5 to 8 hours per day which prevented me from earning income during the 2 months it has taken to prepare to file this action); lifetime fear of retaliation and retribution by the defendants or police officers anywhere; loss of privacy stemming from public disclosure of personally identifying information in these proceedings; loss of anonymity on my YouTube channel of 12 years; diminishment of my potential candidacy by any firm or agency based on my obligatory disclosure at time of application of an arrest by a law enforcement agency, whereas previously I had never been arrested or detained by any law enforcement agency or officer and would respond with "no" to the queston "have you ever been arrested or detained by police"; for any and all additional or future physical, psychological, emotional or behavioral damage, diagnosis, or diminished earning capacity resulting from this incident;

c. Reasonable legal fees and costs of this action;

d. Any such other relief as appears just and proper.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:       12/15/2020

Signature of Plaintiff

Printed Name of Plaintiff    Beri Dave

### B. For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Address

| | City | State | Zip Code |
|---|---|---|---|

Telephone Number

E-mail Address

COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES Plaintiff, BERI DAVE, in pro se, and respectfully alleges as follows:

JURISDICTION AND VENUE

This is a civil rights action in which the Plaintiff seeks relief for the violation of his rights
secured by 42 U.S.C. § 1983 and the First, Fourth, and Fourteenth Amendments to the United
States Constitution. Jurisdiction of this Court is found upon 28 U.S.C. § 1331. 3. The events
that give rise to this lawsuit took place in The City of South Padre Island, County of Cameron,
Texas. Venue is appropriate in the Southern District of Texas pursuant to 28 U.S.C § 1391(b)
since the individual Defendants are employees of The City of South Padre Island and the acts
providing the legal basis for this complaint occurred in the City of South Padre Island, County
of Cameron, State of Texas.

PARTIES

Plaintiff, BERI DAVE ("Plaintiff," or "Mr. Dave"), is a law-abiding citizen of the United States
and a resident of the City of Harlingen, County of Cameron, State of Texas. Defendant, City of
South Padre Island, is a political subdivision of the State of Texas, and at all times relevant
herein, was acting under color of state law. Defendant, David C. Laird ("Laird") is employed by
The City of South Padre Island as a police officer in The City of South Padre Island Police
Department and was acting under the color of state law. Defendant, John Doe ("John Doe") is
employed by The City of South Padre Island as a Detective in the City of South Padre Island
Police Department and was acting under the color of state law. Defendant, Claudine O'Carroll,
("O'Carroll") is employed by The City of South Padre Island as the Chief of Police in The City
of South Padre Island Police Department and was acting under the color of state law. On or
about October 14, 2020, at the time of the events alleged in this Complaint, the Defendants
were at all times each acting in their official capacities, within the course and scope of their
employment as police officers and/or agents of The City of South Padre Island and under the
color of law.

FACTUAL BACKGROUND

On October 14, 2020, at about 6:30PM, Mr. Dave was recording what is referred to as "B-roll"
footage for a publicly disseminated "YouTube" video he was making while in the City of South
Padre Island, County of Cameron, Texas and began recording police officers who were
standing at the end of an unmarked and publicly accessible breezeway. At one end of the
breezeway is a public street, and at the other end is an open-access sally port and parking
area for the South Padre Island Police Department. The Plaintiff entered the breezeway from
E. Venus Ln and noted that there were no posted signs, markings, physical barriers, or any
other visual indications that access to this breezeway was prohibited or restricted, or that the
breezeway led to an area that is off limits to the public or to a sensitive or secure area.
Additionally, there were no verbal warnings issued by any authorized person advising the
Plaintiff not to enter the area or advising members of the public that the area was closed off or
not open to the public. Upon arriving at the end of the breezeway, Plaintiff could see the rear
entrance to the City Government Building and Police Station. Defendant Officer Laird observed
that Mr. Dave was passing through this area just at the precise moment that Mr. Dave was
telling 2 police officers, "no, you can go back to work, that's what I pay you to do." A statement
Mr. Dave made in response to the officers repeatedly asking if he needed help. Upon hearing
the Plaintiff's remarks, Defendant Laird began to walk towards Mr. Dave and positioned
himself in front of him, blocking his path. Without identifying himself as a police officer, or
stating his, agency or badge number, Defendant Laird told Mr. Dave that he was "trespassing".
A claim that Defendant Laird never again repeated; neither during the incident nor on the
police report which Defendant Officer Laird submitted. Dave asked Laird for clarification on
whether a trespassing charge could be pursued based on the Plaintiff's belief that city property
is not private but is publicly owned and funded. Defendant officer Laird answered, "yes." Mr.
Dave then believed that that he would be told to leave the property and wanted to identify the
officer making the request prior to doing so. Mr. Dave asked Defendant Laird to please identify
himself by name and badge number, at which moment Laird aggressively grabbed Mr. Dave's
mobile camera and threw it on the ground. Laird then grabbed Mr. Dave's wrists, assisted by

another officer not named in this action, and forced Mr. Dave to face towards a nearby wall. Defendant Laird then handcuffed Mr. Dave's wrists behind his back. Laird then demanded from Mr. Dave that he show him his ID. Mr. Dave attempted to speak into his cellphone that was on the ground which he believed was still recording, to document what was happening. Laird then removed the Plaintiff away from the Plaintiff's objective recording device by lifting him up by his left shoulder and dragging him forward approximately 20 feet and then pushing him quickly and violently towards the front of a police cruiser, while stating, "Get over here." "We're talking to you." Dave asked why he had been arrested, but Laird would not answer. Laird continued to talk over Mr. Dave's attempted calm response and said, "you're about to be under arrest for failure to ID." Defendant Officer Laird, then told another officer, not named in this action, "search him for weapons". A female officer complied and proceeded to search the pockets and outer clothing of Mr. Dave. Defendant Laird continued to demand that Mr. Dave present ID. Mr. Dave stated that he wanted a supervisor to respond to the scene, and that he would not answer any questions without an attorney present. Upon making this request, Laird became visibly upset by raising his voice and sternly repeating his demand for Mr. Dave to produce identification. A few minutes later, another officer who was not in uniform but was wearing a badge on his belt and who is not named in this action, walked up to Defendant Laird and told him to release Mr. Dave from custody. Mr. Dave was released from custody and allowed to retrieve his cellphone. The officer who told Laird to release Mr. Dave, then told Mr. Dave that he was "free to go," to which Mr. Dave replied, "if I am free to go, then I am free to stay." Mr. Dave remained on the scene for several minutes afterwards, requesting that a supervisor come and speak to him. His request was ignored by all officers. Mr. Dave also requested that all officers besides Laird please identify themselves. His request was ignored by all officers. An unidentified older man not in uniform but wearing a badge around his neck, who refused to identify himself to the Plaintiff as an officer, or to state his title, name, and badge number, approached Mr. Dave, initially appearing to be interested in what had happened, but who then became agitated and confrontational when Mr. Dave stated that the officers who had refused to identify themselves had "scattered like scared rats". The unlawful detainment and search of

Mr. Dave was done in blatant violation of the First and Fourth Amendments. The unlawful threat to arrest Mr. Dave was done in blatant violation of the First and Fourth Amendments. The unlawful taking of Mr. Dave's video camera was done in blatant violation of the First and Fourth Amendments. No lawful basis existed for the Defendant to confiscate Mr. Dave's phone. Defendant Laird's actions were done sadistically, intentionally, maliciously, knowingly, wantonly, recklessly, purposely, deliberately, unlawfully, and through deliberate indifference and gross negligence and without any objective reasonableness or good faith, and not in furtherance of a legitimate government interest.

COUNT I

VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983

(First Amendment – Unlawfully Preventing the Recording of Police Officers)

(Against Defendants Laird, John Doe, O'Carroll, and City of South Padre Island)

Plaintiff incorporates herein all the prior allegations. Plaintiff engaged in Constitutionally protected conduct of recording police officers. Defendant John Doe, while speaking to the Plaintiff following the Plaintiff's release from custody, made statements affirming the unlawful actions of Defendant Laird. When told by the Plaintiff that he had been unlawfully arrested by Defendant Laird, asked the Plaintiff, "do you know what an arrest is?" Defendant then made statements claiming that it is illegal to insult police officers. Mr. Dave then disengaged from speaking to this unidentified person, based on their false statements regarding the law and the 1st amendment right to freedom of speech, stating into his cellphone camera "ok, we can't talk to this guy." To which Defendant John Doe replied, "yeah because I'm smarter than you." Mr. Dave then resumed requesting out loud that a supervisor please come out to speak to him, and again tried to get the other officers involved to identify themselves. The officers began to retreat inside the building to get away from the Plaintiff. Despite wearing a foot brace and appearing to have additional physical impairments, John Doe then began to walk towards Mr. Dave and Mr. Dave began to move backwards away from Defendant John Doe, while verbally requesting that John Doe please keep his distance. Defendant John Doe continued to advance towards Mr. Dave even faster, despite his impairments. Defendant Laird, (who remained with

John Doe as he spoke to Mr. Dave) and at least 1 other officer not named in this action, joined Defendant John Doe in this aggressive posture and harassment of the Plaintiff. No demand to stop or statement that the Plaintiff was under arrest, about to be detained or not free to leave, were made during this act by the officers. A demand which the Plaintiff would have immediately obeyed. Instead, Plaintiff alleges that these actions were done maliciously by Defendant John Doe to escalate the situation, by attempting to agitate, scare, harass, intimidate and/or challenge the Plaintiff to react to being provoked. Mr. Dave, fearing a second unlawful arrest or possible assault by Defendant John Doe, did then depart the property, under duress, while announcing that he would be filing a lawsuit against the Defendants. As Mr. Dave was leaving the area, Defendant John Doe called out to him stating, "get out of here or I will arrest you." "You're not going to sue anybody." Defendant John Doe did not stop at just forcing the Plaintiff away from the area under threat of arrest, but later appeared in an unmarked Grey, Chevrolet Tahoe vehicle and followed the Plaintiff very closely as the Plaintiff walked further away from the area. In a brief conversation, before following the Plaintiff, Defendant John Doe again claimed that police officers must not be insulted or spoken to in a manner that offends them. To which Mr. Dave responded by asking sarcastically, "oh, did the officers get their little feelings hurt?"

(During this conversation, Defendant John Doe identified himself as Detective "Sullenger" [or a similar sounding name]. Joselin Jimenez of "Rampage Law" which represents the City in this matter, stated in the included exhibits that Mr. Sullenger is "not an employee or associated with the South Padre Island Police Department." Angelique "Nikki" Soto, Public Information Officer for the City of South Padre Island, stated on included exhibits that there were "no records found" when sent a photo of Defendant John Doe and asked for records related to Michael Sullenger's employment. Plaintiff will show that Mr. Sullenger is pictured on the City of South Padre Island's website and identified therein by full name and photograph as "one of our new part-time police officers" and further states so on his own personal online profile.)

Mr. Dave then firmly stated that he did not wish to continue speaking to Defendant John Doe, and that Defendant John Doe was at present committing the offense of "criminal stalking," by continuing to engage in unwanted contact with the Plaintiff, while armed, and despite not having a legitimate law enforcement purpose. Defendant John Doe laughed at the Plaintiff's statements. Defendant Laird intentionally, knowingly, maliciously, recklessly, unreasonably, and/or gross negligently prevented and/or attempted to prevent the Plaintiff from recording police officers without a warrant or any lawful basis. Defendant John Doe intentionally, knowingly, maliciously, recklessly, unreasonably, and/or gross negligently prevented and/or attempted to prevent Plaintiff from exercising his right to free speech by threatening to arrest the Plaintiff for using language uncommon to the Defendant. The unlawful threat to arrest Mr. Dave was done in blatant violation of the First and Fourth Amendments. Defendant's actions were based on Defendants' knowing, deliberate, and reckless disregard for the truth. Further, Defendants had no knowledge of any fact or circumstance which would lead a reasonable person to believe that Plaintiff committed any offense, whatsoever. As a result of these unlawful actions, and while acting under the color of State law, Defendants intentionally prevented and/or attempted to prevent the Plaintiff from recording police officers which deprived Plaintiff of his liberty without his consent, probable cause, legal justification, just cause, or any other legally valid reason. As a proximate result of the illegal and unconstitutional acts of the Defendants, Plaintiff was harmed and suffered damages for his mental, emotional injury and pain, mental anguish, humiliation, and embarrassment.

COUNT II

VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983

(First Amendment – Retaliation for Protected Conduct)

(Against Defendants Laird, O'Carroll, and City of South Padre Island)

Plaintiff incorporates herein all the prior allegations. Plaintiff engaged in Constitutionally protected conduct of recording a police officer with his phone camera and exercising his 1st amendment right to free speech. Defendant Laird detained and searched Plaintiff for exercising his First Amendment right to record on-duty police officers and express an opinion

in public. In retaliation for this protected conduct, Defendant Laird intentionally, knowingly, maliciously, recklessly, unreasonably, and/or gross negligently detained, Plaintiff without a warrant or any lawful basis. Plaintiff's retaliatory detainment was based on Defendant Laird's knowing, deliberate, and reckless disregard for the truth. Further, Defendant Laird had no knowledge of any fact or circumstance which would lead a reasonable person to believe that Plaintiff committed any offense, whatsoever. Such retaliation would serve as a deterrent to a person of ordinary firmness from engaging in such protected conduct. The retaliation was motivated at least in part by the protected speech and action of recording police officers. There was a causal connection between Plaintiff's Constitutionally protected conduct and the adverse retaliatory actions taken by the Defendant against Plaintiff. Defendant Laird intentionally detained Plaintiff and/or had him detained with the intention of confining him within the fixed boundaries of the front of a patrol vehicle and kept him detained until being ordered to release him. Additionally, Defendant Laird's conduct in detaining and searching Plaintiff, deprived him of his liberty without his consent, probable cause, legal justification, just cause, or any other legally valid reason. The acts complained were carried out by the individual Defendant in his capacity as a police officer, pursuant to the customs, usages, practices, procedures, and the rules of the City of South Padre Island, all under the supervision of ranking officers of said department. As a proximate result of the illegal and unconstitutional acts of the Defendant, Plaintiff was harmed and suffered damages for his mental, emotional injury and pain, mental anguish, humiliation, and embarrassment.

COUNT III

VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983

(First Amendment – Retaliation for Protected Conduct)

(Against Defendants Laird, O'Carroll, and City of South Padre Island)

Plaintiff incorporates herein all the prior allegations. Plaintiff engaged in Constitutionally protected conduct of recording police officers with his phone camera. Defendant Laird seized Plaintiff's phone for exercising his First Amendment right to record police officers. In retaliation for this protected conduct, Defendant Laird intentionally, knowingly, maliciously, recklessly,

unreasonably, and/or gross negligently seized Plaintiff's phone without a warrant or any lawful basis. Plaintiff's retaliatory detainment was based on Defendant Laird's knowing, deliberate, and reckless disregard for the truth. Further, Defendant Laird had no knowledge of any fact or circumstance which would lead a reasonable person to believe that Plaintiff committed any offense, whatsoever. Such retaliation would serve as a deterrent to a person of ordinary firmness from engaging in such protected conduct. The retaliation was motivated at least in part by the protected speech or action of filming police officers. There was a causal connection between Plaintiff's Constitutionally protected conduct and the adverse retaliatory actions taken by Defendant Laird against Plaintiff. Defendant Laird intentionally seized Plaintiff's phone with the intention of causing damage to the phone by throwing it on the ground. Additionally, Defendant Laird's conduct in seizing Plaintiff's phone deprived him of his liberty without his consent, probable cause, legal justification, just cause, or any other legally valid reason. The acts complained of were carried out by the individual Defendant in his capacity as a police officer, pursuant to the customs, usages, practices, procedures, and the rules of the City of South Padre Island, all under the supervision of ranking officers of said department. As a proximate result of the illegal and unconstitutional acts of the Defendant, Plaintiff was harmed and suffered damages for his mental, emotional injury and pain, mental anguish, humiliation, and embarrassment.

COUNT IV

VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983

(Fourth Amendment - Unlawful Seizure of Phone)

(Against Defendants Laird, O'Carroll, and City of South Padre Island)

Plaintiff incorporates herein all the prior allegations. The Fourth Amendment requires police officers to possess sufficient probable cause before seizing the property of a criminal suspect. Defendant Laird intentionally, knowingly, and maliciously, recklessly, unreasonably, and/or gross negligently seized Plaintiff's phone without a warrant or any lawful basis. At all times relevant, Plaintiff had a clearly established right to liberty, including the right against unlawful seizure pursuant to the Fourth Amendment to the United States Constitution. At all times

relevant, as a police officer acting under color of law, Defendant Laird was required to obey the laws of the United States. The acts complained of were carried out by the individual Defendant in his capacity as a police officer, with the entire actual and/or apparent authority attendant thereto. The acts complained of were carried out by the individual Defendant in his capacity as a police officer, pursuant to the customs, usages, practices, procedures, and the rules of the City of South Padre Island, all under the supervision of ranking officers of said department. Defendant, while acting under the color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden under the Constitution of the United States. In violation of Plaintiff's clearly established constitutionally-protected right to be free from punishment and deprivation of life, liberty, and property without due process of law under the Fourth Amendments to the United States Constitution, Defendant Laird unlawfully seized Plaintiff's property. As a proximate result of the illegal and unconstitutional acts of the Defendant, Plaintiff was harmed and suffered damages for his mental, emotional injury and pain, mental anguish, humiliation, and embarrassment.

COUNT V

VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983

(Fourth Amendment - Unlawful Demand to Produce ID)

(Against Defendants Laird, O'Carroll, and City of South Padre Island)

Plaintiff incorporates herein all the prior allegations. The Fourth Amendment requires police officers to possess sufficient probable cause before seizing the property of a criminal suspect. Defendant Laird intentionally, knowingly, and maliciously, recklessly, unreasonably, and/or gross negligently ordered Plaintiff to give him his ID, and at all times relevant, Plaintiff had a clearly established right to liberty, including the right against unlawful seizure pursuant to the Fourth Amendment to the United States Constitution. At all times relevant, as a police officer acting under color of law, Defendant Laird was required to obey the laws of the United States. The acts complained of were carried out by the individual Defendant in his capacity as a police officer, with the entire actual and/or apparent authority attendant thereto. The acts complained

of were carried out by the individual Defendant in his capacity as a police officer, pursuant to the customs, usages, practices, procedures, and the rules of the City of South Padre Island, all under the supervision of ranking officers of said department. Defendants collectively and individually, while acting under the color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden under the Constitution of the United States. In violation of Plaintiff's clearly established constitutionally-protected right to be free from punishment and deprivation of life, liberty, and property without due process of law under the Fourth Amendments to the United States Constitution, Defendant Laird unlawfully demanded Plaintiff's property. As a proximate result of the illegal and unconstitutional acts of the Defendant, Plaintiff was harmed and suffered damages for his mental, emotional injury and pain, mental anguish, humiliation, and embarrassment.

COUNT VI

VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983

(Fourth Amendment - Unlawful Detainment)

(Against Defendants Laird, O'Carroll, and City of South Padre Island)

Plaintiff incorporates herein all the prior allegations. The Fourth Amendment requires police officers to possess sufficient reasonable suspicion of criminal activity to detain a suspect. At all times relevant, Plaintiff had a clearly established right to liberty, including his right to personal safety and bodily integrity, as well as protection from unlawful seizure, unnecessary force, unreasonable force pursuant to the Fourth Amendment to the United States Constitution. At all times relevant, as police officers acting under color of law, Defendant Officers were required to obey the laws of the United States. Defendant Laird wantonly, intentionally, knowingly, maliciously, recklessly, objectively unreasonably, and/or with gross negligence and/or deliberate indifference, detained, handcuffed, searched and physically accosted the Plaintiff without a warrant or any lawful basis. Plaintiff was detained, searched, handcuffed and physically accosted by Defendant Laird for filming the police and for exercising his right to freedom of speech. Plaintiff was made to stand in front of a police patrol vehicle, phone was

forcibly seized and thrown on the ground, and ID was demanded. The Plaintiff was handcuffed, searched, and not free to leave and was therefore detained. Plaintiff's detainment was based on Defendant Laird's knowing, deliberate, and reckless disregard for the truth, wherein, Defendant Laird, made false statements regarding the law. Defendant Laird had no knowledge of any fact or circumstance which would lead a reasonable person to believe that Plaintiff committed any offense, whatsoever. Defendant Laird intentionally detained Plaintiff and/or had him detained and searched with the intention of confining him within the fixed boundaries of in front of a police car and kept him detained until being ordered to release him. Additionally, Defendant's conduct in detaining and unlawfully searching Plaintiff deprived him of his liberty without his consent, probable cause, legal justification, just cause, or any other legally valid reason. All of the aforementioned acts deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983. The acts complained of were carried out by Defendant Laird in his capacity as a police officer, with the entire actual and/or apparent authority attendant thereto. The acts complained of were carried out by Defendant Laird in his capacity as a police officer, pursuant to the customs, usages, practices, procedures, and the rules of the City of South Padre Island, all under the supervision of ranking officers of said department. Defendant Laird, while acting under the color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden under the Constitution of the United States. Defendant Laird's actions constituted unlawful detention of Plaintiff. As a proximate result of the illegal and unconstitutional acts of the Defendants, Plaintiff was harmed and suffered damages for his mental, emotional injury and pain, mental anguish, humiliation, and embarrassment.

COUNT VII

VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983

(Municipal Liability-Unlawful Policy)

(Against Defendants O'Carroll and City of South Padre Island)

Plaintiff incorporates herein all the prior allegations. A municipality is liable under 42 U.S.C. § 1983 if the acts that violated a person's rights are attributable to its own policies, practices, and customs. At all times relevant to this complaint, Defendant O'Carroll and City of South Padre Island acted with deliberate indifference to Plaintiff's constitutional rights by maintaining policies, practices, and customs that condoned and fostered Defendant Laird's conduct. Defendant Laird stated that the suspect was detained and was about to be arrested for failure to ID. Defendant O'Carroll and City of South Padre Island maintained a custom or policy that permitted officers to prevent individuals from recording public officials. This policy allows officers to detain and search individuals and seize their property for recording police officers. This custom and policy that prohibits recording police property, vehicles and police officers was the standard operating procedure for Defendant Laird, including supervising police officers, and directly caused Defendant Laird to deprive Plaintiff of his constitutionally-protected rights as described herein.  Defendant Laird detained and searched Plaintiff and seized Plaintiff's phone for engaging in protected conduct, and without probable cause or reasonable suspicion that he had engaged in any criminal activity. As a result of this policy and custom as reason to detain, search and seize property for exercising protected conduct, Plaintiff was harmed and now seeks compensatory and punitive damages.

COUNT VIII

VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983

(Municipal Liability-Failure to Train and Supervise)

(Against Defendants O'Carroll and City of South Padre Island)

Plaintiff incorporates herein all the prior allegations. A municipality is liable under 42 U.S.C. § 1983 if the alleged violations are attributable to its own policies, practices, and customs. At all times relevant to this complaint, Defendant O'Carroll and City of South Padre Island acted with deliberate indifference to Plaintiff's constitutional rights by maintaining policies, practices, and customs that condoned and fostered Defendant Laird's conduct. In the alternative and at all times relevant to this complaint, Defendant O'Carroll and City of South Padre Island did not in fact have such a policy in place, but failed to properly train Defendant Laird and John Doe,

including supervising police officers, thereby demonstrating deliberate indifference to Plaintiff's rights. Defendant O'Carroll and City of South Padre Island failed to: (a) adequately supervise and train their officers and agents, especially Defendants Laird and John Doe, thereby failing to adequately discourage further constitutional violations on the part of their officers; and (b) properly and adequately monitor and discipline their officers. As is being pled in this alternative, the fundamental lack of knowledge of such basic Constitutionally protected conduct by Defendant Laird and John Doe, could only be the by-product of Defendant Chief O'Carroll and the City of South Padre Island's failure to adequately train Defendants Laird and John Doe before putting them in the position in which they were placed by the Defendant City and Chief of Police. Defendants O'Carroll and City of South Padre Island failed to properly train their police officers on the proper standard for initiating an investigation of a criminal suspect, and how and when to seize their property. Defendants O'Carroll and City of South Padre Island's failure to adequately supervise and train their police officers on the proper procedures for investigations and criminal investigations caused Defendant Officers to violate Plaintiff's Constitutional rights. As a result of the Defendant City, Chief of Police and South Padre Island's failure to adequately train or correct their policy to arrest people for exercising protected conduct, Plaintiff was harmed and seeks compensatory and punitive damages.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff, BERI DAVE, demands judgment and prays for the following relief, jointly and severally, against all Defendants:

a. Full and fair compensatory damages in an amount to be determined by a jury;

b. Punitive damages in an amount to be determined by a jury;

c. Reasonable legal fees and costs of this action; and

d. Any such other relief as appears just and proper.

JURY DEMAND

Plaintiff hereby demands a trial by jury of all triable issues, per Fed. R. Civ. P. 38(b).