United States District Court
Southern District of Texas
**ENTERED**
July 21, 2021
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | |
|---|---|
| BERI DAVE, § | |
| Plaintiff § | |
| § | |
| v. § | Civil Action No. 1:20-cv-209 |
| § | |
| DAVID C. LAIRD, ET AL., § | |
| DEFENDANTS § | |

## ORDER AND NOTICE

In his submissions to this Court, Plaintiff Beri Dave has repeatedly stated his intention to amend his Complaint for Violations of Civil Rights (hereinafter, "Complaint"). *See, e.g.*, Dkt. No. 25 at 1. As of this 21st day of July, Dave has not filed a proper motion seeking leave to amend. Construing his Complaint liberally, in conjunction with his "Response to Defendant's Rule 12 Motion" (hereinafter, "Response"), Dave's claims are unclear and somewhat contradictory. For example, Dave's Complaint sues Defendants only in their official capacities. Dkt. No. 1 at 2-3, 7. Yet, in his Response, Dave states that he intended to sue Defendants in their original *and* individual capacities but the form he filled out online did not allow him to "check" both individual and official capacity boxes. Dkt. No. 25 at 1. He then asks that the Court to construe his claims "with this clarification made." *Id*. In the same document, however, he indicates that he will sue the Defendants in their original and individual capacities only *if* he is granted leave to amend. *Id*.

Rather than address uncertain, indefinite claims, and prolong the ultimate resolution of this civil action, this Court may exercise it discretion to require Dave to file

a more definite statement of his claims under Rule 12(e) of the Federal Rules of Civil Procedure. *See Reed v. Jones*, 483 F.2d 77, 79 (5th Cir. 1973) (stating that, under Rule 12(e), a court may, sua sponte, cause a more definite statement to be filed); *Edmond v. Marathon Petroleum Co., LP*, No. EP-20-CV-00210-DCG, 2021 WL 619503, at *7 (W.D. Tex. Feb. 17, 2021) (collecting cases noting that courts may order more definite statements under their supervisory powers); *Waldon v. Boys-Manny*, No. SA-19-CV-01170-FB, 2019 WL 9654861, at *1 (W.D. Tex. Dec. 2, 2019), *report and recommendation adopted*, No. CV SA-19-CA-1170-FB, 2019 WL 9654860 (W.D. Tex. Dec. 30, 2019) (noting that "the Court sua sponte ordered Plaintiff to file a more definite statement under Rule 12(e)"); *Bonin v. Sabine River Auth. of Texas*, No. 1:17-CV-00134-TH, 2019 WL 1246259, at *1 (E.D. Tex. Mar. 1, 2019), *report and recommendation adopted*, No. 1:17-CV-00134-TH, 2019 WL 1244705 (E.D. Tex. Mar. 18, 2019) ("On August 28, 2018, the court entered a sua sponte order directing the Plaintiffs to file a more definite statement to supplement the operative complaint."); *Michaelski v. City of Clear Lake Shores*, No. CIV.A. G-13-358, 2014 WL 1324424, at *2 (S.D. Tex. Apr. 1, 2014) ("the Court WILL, sua sponte, order the Plaintiffs to file a More Definite Statement or a First Amended Complaint setting forth with as much factual specificity as possible, their constitutional claims against the City[.]"); *Molina v. Mar.*, No. CV 07-4296, 2008 WL 11388763, at *2 (S.D. Tex. Nov. 20, 2008)(" Therefore, pursuant to Federal Rule of Civil Procedure 12(e), the Court HEREBY ORDERS Plaintiff to file a more definite statement of his claims").

**Accordingly, Dave is ORDERED to file a "More Definite Statement of All Claims" on or before August 31, 2021. For clarity's sake, <u>for each claim</u>, Dave must: (1) specify which Defendant(s) he is suing; (2) state whether he**

**is suing each defendant in their official or individual capacities, or both; and (3) state all factual allegations which support the claim**.  Dave is **NOTIFIED that: (1) he may not incorporate any allegations or claims by reference to prior complaints or submissions; (2) claims and allegations not raised directly in Dave's "More Definite Statement of All Claims" will be considered waived and abandoned; and, (3) a failure to comply with this order may result in the dismissal of this lawsuit for failure to prosecute.**

Relatedly, Defendants "Motion to Dismiss for Failure to State a Claim for Relief (Dkt. No. 18) is **DENIED** without prejudice to refiling.  Should Defendants file a renewed motion to dismiss, their motion must address Dave's claims as stated in his "More Definite Statement of All Claims."[1]

The parties are **NOTIFIED** that, before this Court, they must comply with the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Southern District of Texas, Judge Rolando Olvera's Civil Procedures, and this Order and Notice.  A failure to do so may subject the parties to sanctions.

**SIGNED on this 21st day of July, 2021, at Brownsville, Texas.**

_____
Ignacio Torteya, III
United States Magistrate Judge

---

[1] Additionally, if Defendants file a renewed motion, they are **INSTRUCTED** to either: (1) omit any arguments that are not properly raised under Rule 12(b)(6); or (2) assert such arguments under a different Federal Rule of Civil Procedure.