**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **BERI DAVE,** | § | |
| **Plaintiff** | § | |
| | § | |
| **Vs** | § | **Civil Action No. 1:20-CV-00209** |
| | § | |
| **POLICE OFFICER DAVID C. LAIRD,** | § | |
| **POLICE DETECTIVE "JOHN DOE",** | § | |
| **CHIEF OF POLICE CLAUDINE** | § | |
| **O'CARROLL, CITY OF SOUTH** | § | |
| **PADRE ISLAND, TEXAS,** | § | |
| **Defendants** | § | |

**DEFENDANTS CITY OF SOUTH PADRE ISLAND, DAVID C. LAIRD AND CLAUDINE O'CARROLL IN THEIR OFFICIAL CAPACITIES' RESPONSE IN OPPOSITION TO PLAINTIFF'S "MOTION FOR MORE DEFINITE STATEMENT" AND MOTIONS TO DISMISS PURSUANT TO RULES 8 AND 12**

============================================================

May It Please The Court:

NOW COMES DEFENDANTS CITY OF SOUTH PADRE ISLAND, DAVID C. LAIRD AND CLAUDINE O'CARROLL IN THEIR OFFICIAL CAPACITIES (hereafter "DEFENDANTS")[1] and file this Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6) and 12(b)(1) as to Plaintiff's Motion for More Definite Statement and would show the Court as follows:

## I. BACKGROUND/PROCEDURAL HISTORY

1. Plaintiff filed suit on December 15, 2020. On January 12, Defendants appeared through the filing of a Rule 12 Motion to Dismiss. *Dkt. 18*. In response, on January 21, Plaintiff indicated he was going to re-plead to sue Defendants Laird and O'Carroll in their individual capacities. *Dkt. 25, p. 1*. In a Reply to Plaintiff's Response, filed on January 27, Defendants point out that Plaintiff did not plead an unlawful arrest, despite referring to it in his Response. *Dkt. 26 ,¶4*. Always eager

[1] In the Motion for More Definite Statement, Plaintiff purports to add new Defendants David Laird in his Individual Capacity and Jaime Rodriguez in his Official and Individual Capacities. Although Defendants do not believe Plaintiff adequately sues or names them, this Motion is filed only on behalf of those Defendants named and served in this case.

Dave vs. City of South Padre Island, Texas et al.
Defendants' Motion to Dismiss as to Plaintiff's Motion for More Definite Statement -1-

to get in the last word, Plaintiff filed a procedurally incorrect "Response to the Defendant's Response" on February 1, purporting to clarify that he is intending to bring an unlawful arrest claim. *Dkt. 27.*

2. Consequently, Plaintiff has been on notice of challenged procedural issues with his Original Complaint since January and he represented in January that he would amend to cure. At the Scheduling Order in April, Plaintiff referenced re-pleading to sue the official capacity Defendants in their individual capacity; and another party. *See Minute Entry*.

3. Subsequent to this, Plaintiff filed his Motion for Leave to file Supplemental Pleading, without attaching the Proposed pleading, on June 3. *Dkt. 47*. This Court struck the Motion; and gave Plaintiff very specific instructions regarding seeking leave to amend his Complaint by June 15. *Dkt. 48*. Plaintiff failed to file Leave to Amend his Complaint by June 15. Subsequently, on July 21, the Court ordered Plaintiff to file a Motion for More Definite Statement, with further very clear instructions. *Dkt. 51*. Plaintiff subsequently filed his Motion for More Definite Statement. *Dkt. 48*.

## II. ARGUMENT AND AUTHORITIES

### A. Proposed Pleading in Violation of Court Order & Applicable Pleading Standards of Federal RuleS of Civil Procedure 8(a)(1), 8(a)(2) and 8(d)(1)

4. This Court quite explicitly ordered Plaintiff how to proceed with a Motion for More Definite Statement. *Dkt. 51*. Plaintiff essentially ignored that and attempts to do exactly what he attempted to do before, which is to file yet another supplemental pleading in the form of the More Definite Statement. The Court could not have been more clear. However, the substance of the Motion for More Definite Statement violates both the spirit and the explicit nature of the Court's Order, as well as the FRCP 8, and is merely yet another attempted improper "supplemental" pleading.

5. The Court admonished Plaintiff: "**Dave is ORDERED to file a "More Definite Statement of All Claims" on or before August 31, 2021. For clarity's sake, <u>for each claim</u>, Dave must: (1) specify which Defendant(s) he is suing; (2) state whether he is suing each defendant in their official or individual capacities, or both; and (3) state all factual allegations which support the claim**. **Dave is NOTIFIED that: (1) he may not incorporate any allegations or claims by reference to prior complaints or submissions; (2) claims and allegations not raised**

**directly in Dave's "More Definite Statement of All Claims" will be considered waived and abandoned…**" *Dkt. 51*.

6. Plaintiff failed entirely to do this and his "Motion for More Definite Statement" fails almost every required element of those requested by the Court; and of a properly pleaded Complaint per the Federal Rules of Civil Procedure. First, Plaintiff explicitly ignored and violated this Court's order about the Motion for More Definite Statement containing all factual allegations which support the claim; stating which defendants he is suing as to each claim; pleading all claims; and not referring to prior complaints or submissions. Plaintiff's Motion for More Definite Statement explicitly states: "On account of the above pleading set forth, and in addition to the allegations made in Plaintiff's original complaint, Plaintiff now demands judgment…". *Dkt. 48, p. 6*. In other words Plaintiff does exactly what the Court instructed him not to do: attempts to "supplement" and incorporate his prior Complaint and prior allegations.

7. This attempt to "supplement" rather than truly amend is evident with the content and substance contained in the Motion for More Definite Statement; and is ripe for dismissal pursuant to Federal Rules of Civil Procedure 8(a)(1); 8(a)(2); and 8(d)(1). Plaintiff's Motion for More Definite Statement contains no statement of the grounds for the court's jurisdiction[2]; and contains virtually no factual recital at all, failing to even include the date of the alleged incident.[3] *Dkt. 48*. Plaintiff's Motion for More Definite Statement fails to allege any claims or causes of action at all against any of the named Defendants in the caption. Plaintiff's Motion for More Definite Statement fails to identify the Parties in the Complaint, despite listing them in the caption, their citizenship[4] and their capacities in which they are sued and the basis for such, other than the Caption itself. *Dkt. 48*. Plaintiff's Motion for More Definite Statement purports to add new parties based on the

---

[2] A complaint must contain a short, plain statement of the grounds for the court's jurisdiction. FRCP 8(a)(1); *Taylor-Callahan-Coleman Cty Dist. Adult Prob. Dept v Dole*, 948 F.2d 953, 956 (5th Cir.1991).

[3] The complaint should identify facts supporting the allegation of jurisdiction. *Spectronics Corp. v HB Fuller Co*., 940 F.2d 631, 635 (Fed. Cir. 1991). Although the plaintiff is not required to provide detailed factual allegations, the statement of the claim must include plausible factual allegations concerning all material elements of the claim. *Ashcroft v Iqbal*, 566 U.S. 544, 678-79 (2009). The factual detail cannot be indeterminate or sketchy. *Braden v. Wal-Mart Stores*, 588 F.3d 585, 594 (8thCir. 2009); *Brooks v Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

[4] The complaint should allege each party's citizenship. *Carolina Cas. Ins. v. Team Equip. Inc*., 741 F.3d 1082, 1087-88 (9th Cir. 2014).

Dave vs. City of South Padre Island, Texas et al.
Defendants' Motion to Dismiss as to Plaintiff's Motion for More Definite Statement -3-

Caption (Officer Laird in his Individual Capacity; Detective Jaime Rodriguez in his Individual and Official Capacity) while failing to identify when, how and where he intends to serve them with Complaint, much less identify them as parties and what claims are made against them in the body of the Pleading. *Dkt. 48.*

8. Plaintiff's Motion for More Definite Statement fails every basic test of the fair notice requirements for a Complaint as to each and every party in this lawsuit or that he purports to bring into this lawsuit. *Dkt. 48.* Generally, a plaintiff must give fair notice of a claim by providing a short and plain statement of the claim showing that the plaintiff is entitled to relief. FRCP 8(a)(2); *Erickson v Pardus*, 551 U.S. 89, 93 (2007). The complaint must provide fair notice of the claim by including allegations that outline the elements of the claim. *Iqbal*, 556 U.S. at 678. Further, the Plaintiff's allegations contained in this pleading are not simple, concise and direct and Defendant seeks dismissal pursuant to FRCP 8(d)(1).

9. Plaintiff's entire Motion for More Definite Statement is completely deficient in this regard, primarily because he is attempting to do exactly what this Court admonished him not to do: package a "supplemental" pleading into the Motion for More Definite Statement. Further, the Plaintiff should not be given leave to amend his Complaint again or clarify again as he has now been given multiple opportunities to clarify his allegations and package them appropriately.[5]

10. For all of the above reasons, the Plaintiff's claims and causes of action and the Complaint should be dismissed.

**B. Claims Should be Dismissed Pursuant to Rule 12(b)(6)**

11. Although Plaintiff's Motion for More Definite Statement is ripe for dismissal pursuant to FRCP 8, the Motion for More Definite Statement, with or without incorporation of the Plaintiff's Original Complaint, does not properly state a cause of action against the Defendants Town of South Padre Island and David C. Laird and Claudine O'Carroll in their Official Capacities. Defendants hereby request that the Court dismiss Plaintiff's complaint and the causes of action against them pursuant to FRCP 12(b)(6). A motion to dismiss for failure to state a claim upon which relief can be granted tests the formal sufficiency of the statement of claim for relief in

[5] Court should not dismiss a plaintiff's complaint that violates FRCP 8 unless the plaintiff has already been given the opportunity to amend. *Salahuddin v Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988); *Cincinnati Life Ins v Beyrer*, 722 F.3d 939, 946-47 (7th Cir.2013)(court properly dismissed case after plaintiff was allowed to amend complaint and amended complaint still violated FRCP 8 and 9(b)).

plaintiff's complaint. *Doe Hillsboro ISD*, 81 F.3d 1395, 1401 (5th Cir.1996). A motion to dismiss under FRCP 12(b)(6) is not appropriate unless the plaintiff's pleadings on their face show, beyond doubt, that the plaintiff cannot prove any set of facts that would entitle him to relief. *Medina-Claudio v. Rodriguez-Mateo*, 292 F.3d 31, 34 (1st Cir.2002); *Hickey v. O'Bannon*, 287 F.3d 656, 657 (7th Cir.2002). Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss. *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir.1993).

12. Rule 12(b)(6) allows dismissal if a Plaintiff fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Pursuant to Rule 12, Plaintiff's claim survives only to the extent it passes the plausible-pleading test of *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

13. This does not require detailed factual allegations, but it does require "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

14. In Plaintiff's Motion for More Definite Statement, a number of conclusory assertions are made regarding Plaintiff and Defendants, and the factual and alleged legal assertions in the Motion are insufficient for purposes of pleading requirements in a number of ways, as more fully pointed out below.

### 1. Plaintiff Fails to State a Section 1983 Claim for which relief can be granted-All claims

15. It is impossible to determine from the Motion for More Definite Statement exactly what claims/causes of action Plaintiff is bringing. However, to the extent Plaintiff brings claims pursuant to §1983, they are legally and factually insufficient. Plaintiff pleads *absolutely no facts* in support of a pattern, practice or custom of unlawful detainment/questioning; unlawful arrest; unlawful seizure of property; First Amendment retaliation; or failure to train or supervise by the City of

South Padre Island or its PD. *Dkt. 48.* Thus, Plaintiff fails entirely to plead any cause of action pursuant to 42 USC §1983.

16. A municipality is a "person" subject to suit under Section 1983. *See Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). To state a claim for municipal liability Section 1983, a plaintiff must establish three elements: "a policymaker; an official policy; and a violation of constitutional rights whose moving force is the policy or custom." *Piotrowski v. City of Houston,* 237 F.3d 567, 578 (5th Cir. 2001) (citing *Monell*, 436 U.S. at 694). "The elements of the *Monell* test exist to prevent a collapse of the municipal liability inquiry into a *respondeat superior* analysis." *Zarnow v. City of Wichita Falls, Tex.*, 614 F.3d 161, 167 (5th Cir. 2010) (citing *Bd. of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown,* 520 U.S. 397, 415 (1997)). "A municipality may not be subject to liability merely for employing a tortfeasor." *Id.* To state a claim for a city's liability under § 1983, a plaintiff must allege facts that can establish proof of (1) a policymaker; (2) an official policy; and (3) a violation of the plaintiff's constitutional rights, where the "moving force" behind the violation is the city's policy or custom. *Monell* at 658.

17. "The first requirement for imposing municipal liability is pleadings and proof that an official policymaker with actual or constructive knowledge of the constitutional violation acted on behalf of the municipality." Zarrow at 167 (citing *Cox v. City of Dallas, Tex.,* 430 F.3d 734, 748–49 (5th Cir. 2005)). Upon finding a policymaker, a court must "consider whether the allegedly unconstitutional action constitutes a "custom or policy" of the municipality." *Id.* at 168. Courts have identified two forms that "official policy" may take. "First, a plaintiff may point to a policy statement formally announced by an official policymaker." *Id.* at 168 (quoting *Webster*, 735 F.2d at 841). In the alternative, the plaintiff may demonstrate a "persistent widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Id.* at 169. To render a city liable actual or constructive knowledge of a 'custom' must be attributable to the governing body or officials to whom that body has delegated policy-making authority." *Webster v. City of Houston*, 735 F.2d at 841; *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002). "A municipality is almost never liable for an isolated unconstitutional act on the part of an employee; it is liable only for acts directly attributable to it 'through some official action or imprimatur.'" *Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 847 (5th Cir. 2009) (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir.2001).

Dave vs. City of South Padre Island, Texas et al.
Defendants' Motion to Dismiss as to Plaintiff's Motion for More Definite Statement -6-

18. Plaintiff fails entirely to properly plead a Section 1983 cause of action. First, the Plaintiff does not identify a policy-maker for the City/PD who had actual or constructive knowledge of alleged constitutional violations acting on behalf of the City. *Dkt. 48*. Absolutely nowhere in Plaintiff's Motion for More Definite Statement does he identify any policy statement formally announced by anyone at the City/PD regarding accepting or authorizing unlawful detainment and questioning; unlawful arrest; unlawful seizure of property; or First Amendment retaliation for filming police officers. *Id*. Plaintiff does not allege that any City/PD official ever made any policy statement formally that it was the policy of the City and/or its police department to wrongfully detain and/or question citizens; to unlawfully arrest them; or to unlawfully seize their property; or to retaliate against them for First Amendment conduct. *Id.* Plaintiff does not properly plead policies of unlawful detention; unlawful arrest; unlawful seizure or policies of retaliatory First Amendment conduct. Plaintiff does not plead what specifically these policies are; when they were made; where they can be found; who established them and what specifically they say. Plaintiff's conclusory allegations simply do not meet the required pleading threshold in this regard.

19. The more typical avenue in which Plaintiffs try to establish the *Monell* element to a Section 1983 claim is by alleging and proving a pattern, practice or custom of violation of civil rights, in this case: wrongful or unlawful detentions and First Amendment retaliation. Plaintiff's attempt at this is woefully inadequate. Plaintiff pleads absolutely no facts whatsoever that could support a practice or custom argument related to unlawful detainment/questioning; unlawful arrest; unlawful seizure of property; or First Amendment retaliation for filming police officers. *Dkt. 48*. In fact, Plaintiff fails to plead even a single incident of alleged unlawful detainment; unlawful arrest; unlawful seizure of property; or First Amendment retaliation by an SPI PD officer other than referring to his own alleged detainment/seizure and retaliation. *Id*. Plaintiff makes absolutely no effort to plead or show that an actual custom or practice exists in the City of South Padre Island with its Police Department of unlawful detention/questioning; unlawful arrest; unlawful seizure of property; First Amendment retaliation for filming; or for any other conduct in violation of the 1st, 4th or 14th Amendments. Plaintiff does not even come close to alleging a custom or practice of constitutionally deficient conduct.[6] Thus Defendants' Motion to Dismiss should be granted.

[6] A plaintiff can allege the existence of a "persistent widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Zarnows*, 614 F.3d at 169 (quoting *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (en banc)). "A customary policy consists of

Dave vs. City of South Padre Island, Texas et al.
Defendants' Motion to Dismiss as to Plaintiff's Motion for More Definite Statement -7-

20. To the extent Plaintiff also brings a failure to train claim, this too should be dismissed for failure to state a claim for which relief can be granted. As to any failure to train and failure to supervise claims, they are woefully deficient to withstand basic pleading scrutiny. *Dkt. 48*. In his Motion for More Definite Statement, Plaintiff does not cite to an official policy of the City of a failure to train, therefore he necessarily must be alleging a custom or practice. However, Plaintiffs fail to plead factual allegations sufficient to show that such a policy, practice or custom exists. *See Peterson v. City of Fort Worth, Tex.,* 588 F.3d 838, 850–51 (5th Cir. 2009).

21. The standard applicable to a failure-to-train claim is the same as the standard for municipal liability. *Roberts v. City of Shreveport*, 397 F.3d 287, 293 (5th Cir.2005). "The failure to provide proper training may fairly be said to represent a policy for which the city is responsible, and for which the city may be held liable if it actually causes injury." *Bryan County*, 219 F.3d at 457 (quoting *City of Canton v. Harris*, 489 U.S. 378, 390, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989)). "In resolving the issue of a city's liability, the focus must be on adequacy of the training program in relation to the tasks the particular officers must perform." *City of Canton*, 489 U.S. at 390, 109 S.Ct. 1197. A plaintiff must show that (1) the municipality's training policy or procedure was inadequate; (2) the inadequate training policy was a "moving force" in causing violation of the plaintiff's rights; and (3) the municipality was deliberately indifferent in adopting its training policy. *See, e.g., Sanders–Burns v. City of Plano*, 594 F.3d 366, 381 (5th Cir.2010); *Pineda*, 291 F.3d at 332.

22. While simply alleging generally and in conclusory fashion that training is inadequate, there is absolutely no legally sufficient allegation here that any training is inadequate. *See Benavides v. County of Wilson*, 955 F.2d 968, 973 (5th Cir.1992). Plaintiff fails to plead sufficient facts to show that the City's existing training policies are inadequate. Plaintiff fails to plead sufficient facts to determine what training these particular officers received or did not receive that they should have. Furthermore, Plaintiff has pled no sufficient factual allegations to show that the City was deliberately indifferent about adopting its training policy, particularly that a policymaker was deliberately indifferent. A plaintiff must allege facts to plausibly suggest the municipality's deliberate indifference to the need for proper training. Ordinarily, to meet this burden, a plaintiff

---

actions that have occurred for so long and with such frequency that the course of conduct demonstrates the governing body's knowledge and acceptance of the disputed conduct." *Id.* Such "[a] pattern is tantamount to official policy." *Peterson v. City of Fort Worth*, 588 F.3d 838, 850 (5th Cir. 2009).

may allege that the municipality had "[n]otice of a pattern of similar violations," which were "fairly similar to what ultimately transpired." *Connick*, 563 U.S. at 62–63, 131 S.Ct. 1350. In the context of a failure to train, discipline or supervise allegation case requires a pattern of similar incidents in which citizens were deprived of their constitutional rights. *Estate of Davis ex rel. McCully v. City of North Richmond Hills,* 406 F.3d 375, 383 (5th Cir. 2005). "The number of incidents and other allegations necessary to establish a pattern representing a custom, on a motion to dismiss, varies...." *Moreno v. City of Dallas*, No. 3:13–CV–4106–B, 2015 WL 3890467, at *8 (N.D.Tex. June 18, 2015). Here, Plaintiff alleges absolutely zero other incidents regarding training failures or a pattern of similar civil rights violations that would have possibly put the Town's policymakers on notice of training failures. Plaintiff's factual allegations in no way shape or form plausibly suggest a pattern of abuses to which the City was deliberately indifferent. Though Plaintiff is not required to provide detailed factual allegations, the complaint must "raise a right to relief above the speculative level." *In re La. Crawfish Producers,* 772 F.3d 1026, 1029 (5th Cir.2014) (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955). Without some further factual enhancement, Plaintiff's Complaint "stops short of the line between possibility and plausibility." *Twombly,* 550 U.S. at 546, 127 S.Ct. 1955.Here, Plaintiff's Motion for More Definite Statement is inadequate to impose liability on the City. "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million*, 296 F.3d 376, 378 (5th Cir. 2002)(quoting *Fernandez–Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir.1993)).

23. Further, as to the necessary and required finding of deliberate indifference, it is "difficult to show deliberate indifference ... where the City has implemented at least some training." *Valle v. City of Houston*, 613 F.3d 536, 549 (5th Cir. 2010). In order to find "conscious deliberate indifference" to the need for training, supervision or discipline Courts require that policy makers know of the wrong and the solution, but choose to do nothing. Even heightened negligence is not enough. *Johnson v. Deep East Tex. Reg'l Narcotics,* 379 F.3d 293, 308 (5th Cir. 2004). "Deliberate indifference is more than mere negligence." *Sanders-Burns v. City of Plano*, 594 F.3d 366, 381 (5th Cir. 2010) (internal quotations omitted). Deliberate indifference can only be established by proof that a municipal actor disregarded a known or obvious consequence of his action. Federal courts have held TCOLE standards to be a threshold for constitutional compliance. "[W]hen officers have received training required by Texas law, the plaintiff must show that the legal

minimum training was inadequate." *Sanders-Burns v. City of Plano*, 594 F.3d 366, 381-82 (5th Cir. 2010) (affirming summary judgment on this issue). Compliance with State standards for training is a significant factor in showing an adequate training program that was not deliberately indifferent. *Benavides v. Cty. of Wilson*, 955 F.2d 968 (5th Cir. 1992).

24. Plaintiff has not pled sufficiently to show deliberate indifference, failing to plead any specific facts, factual incidents or other factual indicia that the SPI Police chief/policy-makers were aware of significant deficiencies with SPI police training; and chose to do nothing. *Dkt. 48*. All of Plaintiff's claim pursuant to §1983 should be dismissed for failure to state a claim for which relief can be granted on this basis.

**2. 14th Amendment claim fails for failure to state a claim for which relief can be granted**

25. It is impossible to determine from the Motion for More Definite Statement what causes of action Plaintiff actually brings against the Defendants. Plaintiff vaguely alludes to the 14th Amendment in the Motion for More Definite Statement, but does not plead a single fact in support of a 14th Amendment claim. *Dkt. 48.* To the extent one is even brought, Plaintiff's 14th Amendment claim fails for failure to bring a claim pursuant to Section 1983 as discussed above, but also fails for a failure to plead any substantive basis for a 14th Amendment claim.

26. The right to be free from arrest without probable cause is protected by the Fourth Amendment, not the Fourteenth Amendment. *See Albright v. Oliver*, 510 U.S. 266, 268, (1994) ("The Framers considered the matter of pretrial deprivations of liberty and drafted the Fourth Amendment to address it."); *Dupont v. Linden*, 81 F.3d 155 (5th Cir.1996) ("A claim for wrongful arrest arises under the Fourth Amendment, but not the Fourteenth."). Similarly, a claim of unlawful detention or unlawful seizure of property implicates the Fourth Amendment's proscription against unreasonable seizures; not those of the Fourth Amendment. *Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 845 (5th Cir. 2009). As such Plaintiff fails to plead a cause of action pursuant to the 14th Amendment for which relief can be granted and the claim should be dismissed. Plaintiff otherwise fails to plead any facts in support of a 14th Amendment claim.

**3. Plaintiff First Amendment claim fails for failure to state a claim for which relief can be granted**

27. It is impossible to determine from the Motion for More Definite Statement what causes of action Plaintiff actually brings against the Defendants. Plaintiff vaguely alludes to the 1st Amendment in the Motion for More Definite Statement, but does not plead a single fact in support of a 1st Amendment claim. *Dkt. 48.* Plaintiff's Motion for More Definite Statement does not adequately allege a First Amendment claim for which relief can be granted. Plaintiff's First Amendment claim fails for failure to bring a claim pursuant to Section 1983 as discussed above, but also fails for a failure to plead any substantive basis for a First Amendment claim.

28. The Fifth Circuit has held that to establish a First Amendment retaliation claim against an ordinary citizen, a plaintiff must show that (1) he was engaged in constitutionally-protected activity, (2) the defendants' actions caused plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity, and (3) the defendants' adverse actions were substantially motivated against the plaintiff's exercise of the constitutionally-protected conduct. *Keenan v. Tajeda*, 290 F.3d 252, 258 (5th Cir. 2002).

29. The United States Supreme Court has not directly held a constitutional right to record police or law enforcement activity in public exists. The Fifth Circuit, in an opinion for which there was a dissent, has held that First Amendment principles, controlling authority, and persuasive precedent demonstrate that a First Amendment right to record the police does exist, subject only to reasonable time, place, and manner restrictions. *Turner*, 848 F.3d at 686. As such, a Plaintiff must plead, and prove, in addition to the First Amendment retaliation elements discussed above, that his recording of police was compliant with any reasonable time, place, and manner restrictions. Plaintiff's pleading fails to do so. Plaintiff's allegations are not those of one filming police in a reasonable time, place and manner. First Amendment allegations should be dismissed for failure to state a claim for which relief can be granted.

30. Additionally, as to reasonable time, manner and place restrictions, Defendants would point to the caselaw cited above and below that filming police officers, working in the police station, with no warning or explanation, arises reasonable suspicion for a *Terry* stop, and thus fails all reasonable time, place and manner restrictions. *Turner*, 848 F.3d at 686-693; *Sanders*, No. 3:15-CV-2782-D, 2016 WL 5122115, at *8–9.

**3. Fourth Amendment claim fails for failure to state a claim for which relief can be granted.**

31. It is impossible to determine from the Motion for More Definite Statement what causes of action Plaintiff actually brings against the Defendants. Plaintiff vaguely alludes to the 4th Amendment in the Motion for More Definite Statement, but does not sufficiently plead a claim for 4th Amendment for which relief can be granted. *Dkt. 48.* Plaintiff's 4th Amendment claim, to the extent he even brings one, fails for failure to bring a claim pursuant to Section 1983 as discussed above, but also fails for a failure to plead any basis for a 4th Amendment claim as Plaintiff does not allege the necessary facts to support a Fourth Amendment claim.

32. Plaintiff fails to plead a Fourth Amendment violation for either an unlawful *Terry* stop or an unlawful arrest for which relief can be granted. Based on Plaintiff's own pleadings, the vague factual allegations would justify a detention. [T]here is nothing in the case law to suggest that police officers are constitutionally prohibited from making reasonable inquiry, and taking reasonable steps, to identify an unknown person who is seen videotaping their place of work and the place where they come and go in their private vehicles. In this day and age, the risk to public officials, particularly police officers, is such that a police officer could reasonably believe that he had the right to require plaintiff to identify himself after plaintiff was observed videotaping the police station and to take appropriate action in response to plaintiff's refusal to identify himself. *Terry v. Driver*, 2016 WL 722154, at *3 (N.D. Tex. Feb. 19, 2016) (McBryde, J.).

33. In evaluating filming of a police station, and in particular the rear entrance/exit, "[I]t [is] appropriate for the police to take into account the location of the suspicious conduct and the degree of the potential danger being investigated. What is not suspicious in one location may be highly suspicious in another." *Turner v. Lieutenant Driver*, 848 F.3d 678, 692 (5th Cir. 2017); *United States v. Ramos*, 629 F.3d 60, 66–68 (1st Cir. 2010).

34. Notably, Courts in very similar circumstances to what Plaintiff pleads, have found reasonable suspicion that criminal activity was afoot for purposes of a detention. *Turner*, 848 F.3d 678, 690-693 (Videotaping of routine activities in front of police station, "potentially threatened security procedures at a location where order was paramount" and a objectively reasonable officer could have suspected that the detained individual was casing the station for an attack, stalking an officer, or otherwise preparing for criminal activity, and thus filming of the "routine activities" of the station were sufficiently suspicious to warrant questioning and a brief detention); *See also*

*Sanders v. Lieutenant Mike Vincent,* No. 3:15-CV-2782-D, 2016 WL 5122115, at *8–9 (N.D. Tex. Sept. 21, 2016)(Under totality-of-the-circumstances, facts are sufficient to create a reasonable suspicion that criminal activity is afoot when the facts consist of an individual wearing a backpack containing unidentified items, videotaping the parking lot of the Addison Police Department without having requested permission to do so, informed the police department of his reasons for doing so, or even notified the police department that he would be doing so, and, when approached by officers, refused to tell them why he was videotaping the police department and refused to identify himself or provide Officers with identification).

35. Consequently, Plaintiff has failed to plausibly allege that Defendants violated his Fourth Amendment rights when he was detained. Plaintiff fails to plausibly allege that he was arrested. As such he does not state a claim for which relief can be granted against Defendants for a Fourth Amendment violation and the claim should be dismissed.

**4. Official Capacity Claims**

36. Plaintiff's Motion for More Definite Statement names SPI Police Chief Claudine O'Carroll and SPI Police Officer David Laird as Defendants in their official capacities. Official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell,* 436 U.S. 658, 690, n. 55. An official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. *Kentucky v. Graham*, 473 U.S. 159, 165–66, 105 S. Ct. 3099, 3105, 87 L. Ed. 2d 114 (1985).

37. If the claims against an official in his official capacity seek identical relief as claims against a governmental entity, the official capacity claims should be dismissed as duplicative. *Castro Romero v. Becken*, 256 F.3d 349, 355 (5th Cir. 2001). Consequently, all of the official capacity claims in this case are claims against the City and should be dismissed as duplicative of the claims against the City, as well as for the reasons identified above as to the City.

**C. Claims Should be Dismissed Pursuant to Rule 12(b)(1)**

38. To the extent the Court determines that any of the claims or causes of action should be dismissed for lack of subject-matter jurisdiction, the Defendants hereby request dismissal pursuant to FRCP 12(b)(1).

**CONCLUSION & PRAYER**

THEREFORE, based on any one or more of the foregoing reasons, DEFENDANTS hereby request that the Court dismiss Plaintiff's claims and causes of action in the Plaintiff's Motion for More Definite Statement and dismiss this lawsuit.

DEFENDANTS further request that upon final hearing of this case, that all relief sought by Plaintiff be denied, that the DEFENDANTS be awarded such other and further relief, at law or in equity, including costs of court, to which they may show themselves entitled to receive.

SIGNED on the 17th day of August 2021.

Respectfully submitted,

By: *Robert L. Drinkard*
ROBERT L. DRINKARD
Attorney In Charge
State Bar No. 24007128
So. Dist Id No. 29288
rldrinkard@rampagelaw.com
**DENTON NAVARRO ROCHA BERNAL & ZECH**
A Professional Corporation
701 E. Harrison Ste. 100
Harlingen, Texas 78550
956/421-4904
956/421-3621 (fax)
**ATTORNEYS FOR DEFENDANTS**

By: *Ricardo J. Navarro*
RICARDO J. NAVARRO
State Bar No. 14829100
So. Dist Id No. 5953
rjnavarro@rampagelaw.com
**DENTON NAVARRO ROCHA BERNAL & ZECH**
A Professional Corporation
701 E. Harrison Ste 100
Harlingen, Texas 78550
956/421-4904
956/421-3621 (fax)
**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of this document has been served on the persons or parties identified below in accordance with one or more of the recognized methods of service by the Federal Rules of Civil Procedure on the 17th day of August 2021.

Beri Dave
3213 Lazy Palm Dr.
Harlingen, Texas 78552
Email: dojinsdeo1@msn.com
**Pro Se Plaintiff**

**Via E-CMRRR No. 9489 0090 0027 6351 9651 48**

Robert L. Drinkard
RICARDO J. NAVARRO
ROBERT L. DRINKARD