UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

DEC 22 2021

NATHAN OCHSNER
CLERK OF COURT

**BERI DAVE,**  Case: 1:20-cv-00209

    **PLAINTIFF**

**VS**

**POLICE OFFICER DAVID C. LAIRD (INDIVIDUAL AND OFFICIAL CAPACITY),
DETECTIVE JAIME RODRIGUEZ (INDIVIDUAL AND OFFICIAL CAPACITY)
CHIEF OF POLICE CLAUDINE O'CARROLL (OFFICIAL CAPACITY),
CITY OF SOUTH PADRE ISLAND, TEXAS (POLITICAL SUBDIVISION)**

    **DEFENDANTS**

**PLAINTIFF'S OPPOSED RULE 55 MOTION FOR DEFAULT JUDGEMENT**

Comes now Plaintiff, Beri Dave, to file his Opposed Motion for Default Judgement against Defendants Jaime Rodriguez in his official and individual capacity, Chief of Police Claudine O'Carroll in her Official Capacity, and City of South Padre Island, hereby known as "the defendants."

SUMMARY

On December 18, 2020, the Court issued 4 summonses as to David C. Laird, Claudine O'Carroll, City of South Padre Island Texas and "John Doe" which were served on the Defendants on December 21, 2020 via certified mail with return receipt. Service on Defendants was accepted by Luis J. Rios. Defendants David C. Laird, Claudine O'Carroll and City of South Padre Island Texas are represented by Attorney Robert L. Drinkard of "Rampage Law." In part, the complaint attached to the summons (Dkt.1) alleged violations of Plaintiff's Constitutional rights by Defendants David Laird and "John Doe" while recording police on public property and assigned liability to the Chief of Police and the City of South Padre Island Texas for their actions. Defendants consequently answered to the allegations involving Defendant David Laird and the liability of the City resulting from his actions, but no answer has been filed as to the allegations against Defendant "John Doe" identified as Jaime Rodriguez, (Dkt. 54) or the City's liability for his actions.

OPPOSITION TO PLAINTIFF'S MOTION

On December 21, 2021, in compliance with Local Rule 7.4, Plaintiff contacted counsel for the Defendants to advise of his intention to file a Motion for Default Judgement against Defendant Jaime Rodriguez, by failing to answer Plaintiff's Original Complaint (Dkt. 1) and his More Definite Statement of All Claims (Dkt. 54) for the violation of the 1st amendment rights of Plaintiff. And Default Judgement against Defendants Chief Claudine O'Carroll and City of South Padre Island by failing to answer Plaintiff's Original Complaint (Dkt. 1) and his More Definite Statement of All Claims (Dkt. 54) for failing to train Defendant Rodriguez on the Law and the Constitutional Rights of the Plaintiff to exercise his 1st amendment right to freedom of speech, freedom of the press, the right to assemble and the right to petition the government for a redress of grievances. Counsel for the Defendants objected.

## AUTHORITY

Rule 55. Default; Default Judgment:

(a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

(b) Entering a Default Judgment.

(1) By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

(2) By the Court. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:

(A) conduct an accounting;

(B) determine the amount of damages;

(C) establish the truth of any allegation by evidence; or

(D) investigate any other matter.

(c) Setting Aside a Default or a Default Judgment. The court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b).

(d) Judgment Against the United States. A default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court.

## DEFENDANT'S FAILURE TO RESPOND TO PLAINTIFF'S ALLEGATIONS

In his Report and Recommendation, U.S. Magistrate Judge Ignacio Torteya III recommends dismissal of the Defendant's Rule 8 Motion to Dismiss Plaintiff's entire lawsuit and references the allegations against Defendant Detective Jaime Rodriguez as follows: "the defendants have not moved to dismiss on his behalf." (Dkt. 62 at 1, pp 1). Plaintiff builds on this fact, by clarifying that the defendants have failed to answer, deny, object to, motion to dismiss, oppose or otherwise respond to the Plaintiff's allegations against them via the actions of Defendant Detective Jaime Rodriguez; formerly known and sued by the Plaintiff as "John Doe," but properly identified through Discovery as Detective Jaime Rodriguez.

## DEFENDANT'S IDENTIFICATION OF DETECTIVE JAIME RODRIGUEZ

In an email to the Plaintiff, dated October 20, 2020, the Defendant City identified Rodriguez as one of the 6 officers present during Plaintiff's allegation of unlawful arrest but would not identify which of the 6 officers he was. Plaintiff made multiple requests both formal and informal, requesting that the City please

identify the officers by a photo of all 6 sent to the City by the Plaintiff. In every case, the Plaintiff's requests were ignored or denied. Due only to Plaintiff's respect for the privacy and reputation of the other officers who did not engage in the egregious conduct of Laird and Rodriguez, Plaintiff did not want to guess or assume which of the officers in the video and photos Rodriguez was. Instead, Plaintiff sued Rodriguez as "John Doe" and continued to request that the Defendants identify who he was.

DEFENDANTS ASSERT THEY DO NOT REPRESENT DEFENDANT JAIME RODRIGUEZ

As is on record in the Defendant's motions before this court, the Defendants have failed to respond to, object to, oppose, motion to dismiss or deny any of the allegations in Plaintiff's original complaint and supplemented by his More Definite Statement of Claims against Defendant Rodriguez, and against Defendants Chief of Police Claudine O'Carroll and City of South Padre Island resulting from his actions:

Defendant's "Reply to Plaintiff's Response" 1/27/21:

*"7. Plaintiff makes a great "to do" about the "John Doe" Defendant; and the undersigned defense counsel's alleged representations or opinions about whether this "John Doe" exists. Dkt. 25, p. 5. Plaintiff misunderstands. Undersigned defense counsel make absolutely no representations regarding who "John Doe" is; whether he exists; who he works for; what he allegedly did. Defense counsel simply does not make any appearance for an unnamed, unidentified actor. It is not defense counsel's job to identify parties for Plaintiff to sue or who to name as defendants." - Dkt. 26, p 3, pp 7.*

Even after Defendant "John Doe" was named through Discovery, Defendant's continued to reiterate that they do not represent Defendant Jaime Rodriguez in this matter, and Defendant Jaime Rodriguez has not appeared to answer the allegations against him.

Defendant's "Response in Opposition to Plaintiff's More Definite Statement" 8/17/21:

*1 In the Motion for More Definite Statement, Plaintiff purports to add new Defendants David Laird in his Individual Capacity and Jaime Rodriguez in his Official and Individual Capacities. Although Defendants do not believe Plaintiff adequately sues or names them, this Motion is filed only on behalf of those Defendants named and served in this case. - Dkt. 55 at 1, pp 1.*

JUDGE TORTEYA'S RECOMMENDED DISSMISAL OF DEFENDANT'S MOTION TO DISMISS

*"1 In his Statement of Claims, Dave seeks to add claims against Detective Jaime Rodriguez, an individual he previously identified in his Complaint as "Defendant John Doe." Dkt. No. 54 at 1, 5-6. Defendants claim that Dave has not properly named or served Rodriguez (see Dkt. No. 55 at 1, note 1), but they have not shown this to be the case. Thus, as Rodriguez has not made an appearance in this action, and Defendants have not moved to dismiss on his behalf (see Dkt. No. 55 at 1, note 1), the Court should decline Defendants' request to dismiss this entire lawsuit. See Dkt. No. 55 at 14 (requesting that the Court "dismiss this lawsuit"). Instead, the Court should only dismiss the claims against Officer Laird and the claims against Defendants based upon the conduct of Officer Laird. (Doc 62, 1/42, P1., Fn. 1)"*

As confirmed by the Magistrate Judge in his Report and Recommendation, Defendant Jaime Rodriguez has not made an appearance in this matter.

Default judgment is a binding judgment in favor of either party based on some failure to take action by the other party. Most often, it is a judgment in favor of a plaintiff when the defendant has not responded to a summons or has failed to appear before a court of law. The failure to take action is the default. The default judgment is the relief requested in the party's original petition.

Thus, Plaintiff asserts that the allegations against Detective Jaime Rodriguez for violating Plaintiff's constitutional rights and the liability of the City of South Padre Island Texas and Chief of Police Claudine O'Carroll, resulting from the actions of Defendant Jaime Rodriguez alleged in Plaintiff's original complaint and supplemented in his More Definite Statement of Claims, are true and unopposed.

As such, and in accordance with Rule 55 of the FRCP, the allegations against Defendant Jaime Rodriguez, the City of South Padre Island Texas and Chief of Police Claudine O'Carroll must be accepted as true and unopposed.

Accordingly, Plaintiff hereby demands judgement and prays for the following relief:

Fifty Thousand Dollars in Actual and One Hundred and Twenty-Five Thousand Dollars in Punitive Damages for the unanswered allegations against Defendant Jaime Rodriguez, Chief of Police Claudine O'Carroll and the City of South Padre Island Texas, for failing to train Detective Rodriguez on the rights of the public to document the actions of their servants while said servants are in public and in the performance of their job. To include going to and from their vehicles, going to and from the police department entries and exits, going to and from secure and non-secure areas and passageways that the public may see with their eyes or upon which they are allowed to be. The acts alleged were carried out by Defendant Rodriguez knowingly, intentionally, willfully, maliciously, and wantonly against the well-established constitutional rights of the Plaintiff and under the color of state law. END OF DOCUMENT.

Signed: _____ this 22nd Day of December, 2021

Beri Dave
P.O. Box 532619
Harlingen, Texas 78553
206-785-8554
dojinsdeo1@msn.com
PLAINTIFF

A copy of this motion was mailed to:

Robert L. Drinkard
Attorney in Charge
701 E. Harrison Ave Ste. 101
Harlingen, Texas 78551
956-421-2904
rldrinkard@rampagelaw.com
ATTORNEY FOR DEFENDANTS