IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **BERI DAVE,** | § | |
|     **Plaintiff** | § | |
| | § | |
| Vs | § | Civil Action No. 1:20-CV-00209 |
| | § | |
| **POLICE OFFICER DAVID C. LAIRD,** | § | |
| **POLICE DETECTIVE "JOHN DOE",** | § | |
| **CHIEF OF POLICE CLAUDINE** | § | |
| **O'CARROLL, CITY OF SOUTH** | § | |
| **PADRE ISLAND, TEXAS,** | § | |
|     **Defendants** | § | |

**DEFENDANTS' OPPOSED RESPONSE TO AND OBJECTIONS TO
MOTION FOR DEFAULT JUDGMENT;
AND MOTION FOR SANCTIONS AGAINST PLAINTIFF PRO SE**
================================================================

MAY IT PLEASE THE COURT:

    NOW COMES DEFENDANTS CITY OF SOUTH PADRE ISLAND and CLAUDINE O'CARROLL IN HER OFFICIAL CAPACITY (hereafter "Defendants") and file this Opposed Response to and Objections to Motion for Default Judgment; and Motion for Sanctions Against Plaintiff Pro Se. Defendants would show as follows:

### I. BACKGROUND/PROCEDURAL HISTORY

1.     Plaintiff filed suit on December 15, 2020, naming and suing South Padre Island and David Laird and Claudine O'Carroll in their Official Capacities along with a "John Doe". *Dkt .1*. On January 12, Defendants South Padre Island and David Laird and Claudine O'Carroll in their Official Capacities appeared through the filing of a Rule 12 Motion to Dismiss. *Dkt. 18*. In response, on January 21, Plaintiff specifically indicated he was going to re-plead to sue Defendants Laird and O'Carroll in their individual capacities. *Dkt. 25, p. 1.* Consequently, Plaintiff has been on notice of challenged procedural issues with his Original Complaint since January and he represented in January that he would amend to cure. At the Scheduling Order in April, Plaintiff referenced re-pleading to sue the official capacity Defendants in their individual capacity; and another party, once he determined this "John Doe". *See Minute Entry*.

2.	Subsequent to this, Plaintiff filed his Motion for Leave to file Supplemental Pleading, without attaching the Proposed pleading, on June 3. *Dkt. 47*. This Court struck the Motion; and gave Plaintiff very specific instructions regarding seeking leave to amend his Complaint by June 15. *Dkt. 48*. Plaintiff failed to file Leave to Amend his Complaint by June 15. Subsequently, on July 21, the Court ordered Plaintiff to file a Motion for More Definite Statement, with further very clear instructions. *Dkt. 51*. Plaintiff subsequently filed his Motion for More Definite Statement on August 13, 2021. *Dkt. 48*. Subsequent to that, Defendants South Padre Island and David Laird and Claudine O'Carroll in their Official Capacities moved to dismiss Plaintiff's Motion for More Definite Statement. *Dkt. 55*.

3.	At no time in this entire litigation has Plaintiff ever served, attempted to serve, requested service of summons or had summons issued as to Defendant Jaime Rodriguez individually or officially. *See Court Docket Sheet, particularly Dkt. 54 to present*. Plaintiff provides no proof, affidavit or any shred of documentation in his Motion for Default Judgment that Defendant Jaime Rodriguez was properly served with process as to any pleading in this case naming or identifying him as a Defendant.[1] *Dkt. 70*.

## II. DEFENDANTS' OPPOSITION AND OBJECTIONS TO "MOTION FOR DEFAULT JUDGMENT"

4.	Plaintiff's Motion for Default Judgment as to Defendants South Padre Island and Claudine O'Carroll in her Official Capacity is not only wholly technically and procedurally deficient, but is purely frivolous in every conceivable way. It is a shame that Defendants' counsel has to expend costs and fees responding to Plaintiff's harassing and frivolous pleadings. This particular Plaintiff clearly treats the Court process with the same contempt and disrespect he treats law enforcement officers, as evidenced by the attachments to his original pleadings.

5.	It is undisputed that both of these Defendants have not only appeared in this case, but have, through numerous Motions, defended against Plaintiff's varied and irregular pleadings, including the last "pleading" filed of record.

6.	Federal Rule of Civil Procedure 55 sets forth the conditions under which default may be entered against a party as well as the procedure to seek the entry of default judgment. There is a

---

[1] Defendants and underlying counsel would note that un-served Defendant Jaime Rodriguez has not made an appearance in this lawsuit, but reference the lack of service upon Rodriguez to further show the frivolousness of this filing by Plaintiff. An appearance through a dismissal motion as to un-served Defendant Rodriguez is likely to be forthcoming for a failure to serve him in the lawsuit.

three-step process for securing a default judgment. *See New York Life Ins. Co. v. Brown,* 84 F.3d 137, 141 (5th Cir.1996). First, a default occurs when a party "has failed to plead or otherwise defend" against an action. Fed. R. Civ. P. 55(a). Next, the court's clerk must enter an entry of default when the default is established "by affidavit or otherwise." *See id.; New York Life Ins. Co.,* 84 F.3d at 141. Third, a party may apply to the clerk or the court for a default judgment after an entry of default. *See* Fed. R. Civ. P. 55(b); *New York Life Ins. Co.,* 84 F.3d at 141.

7. Defendants assert that not only have none of the conditions been met for either a default to be entered or for the entry of a default judgment, but that the mere filing of this Motion, given the procedural state of this case, is frivolous and sanctionable. First, Defendants note that there has been no entry of default by the clerk. *See Case Docket Sheet.* Any such entry by the clerk would be faulty because not only do the conditions precedent not exist for entry of a default, but the Plaintiff has not properly sought entry of a default. A default can only be entered when a party against whom a judgment for relief is sought has "failed to plead or otherwise defend". Fed. R.Civ. P. 55(a). In this case, the Defendants have strongly defended against the allegations in this case throughout the entire litigation. *See Court docket sheet.* The Defendants have appeared; participated in the Joint Case Management plan filing; and challenged every single pleading of Plaintiff in this case. *See Court docket sheet.*

8. Any alleged "failure to plead or otherwise defend" for purposes of entry of a default by the clerk must be shown by affidavit or otherwise. Fed. R.Civ. P. 55(a). Plaintiff's "Motion for Default Judgment" does not show or establish a failure to plead or "otherwise defend" on the part of Defendants that would warrant an entry of default. *Dkt. 70.* Plaintiff does not even attach an affidavit to his Motion and a request for default judgment must be accompanied by an affidavit. FRCP 55(b)(1). The entire basis of Plaintiff's frivolous Motion seems to be based on the Magistrate's Report declining to recommend rulings on allegations of any conduct of the City as pertaining to Jaime Rodriguez's conduct, because Jaime Rodriguez was not an appeared Defendant. *Dkt. 70 quoting Dkt. 62.* While Defendants dispute that Jaime Rodriguez would need to be a served and appeared Defendant in the lawsuit in order to obtain a ruling on the City's liability related to Jaime Rodriguez's alleged conduct, Defendants dispute that the City did not challenge by pleading *all of* Plaintiff's claims and causes of actions. The fact that the Magistrate declined to address them all in the Report does not change this fact. Regardless, the entire Default Motion is frivolous because the Defendants unquestionably appeared and defended through

numerous Motions to Dismiss as to every single pleading alleging causes of action. A motion to dismiss under FRCP 12(b) is always sufficient to prevent entry of default. See FRCP 55(a); *U.S. v. 51 Pieces of Real Prop., Roswell N.M*, 17 F3d 1306, 1314 (10th Cir. 1994).

9.  Further, Plaintiff's Motion does not even seek entry of a default, but instead entry of a default judgment. For this reason, neither of the first two conditions for either a default; entry of a default; or entry of a Default Judgment exist, and Plaintiff's Motion should be wholly denied. Additionally, a party may only apply for a default judgment once a default has been entered. *See* Fed. R. Civ. P. 55(b); *New York Life Ins. Co.,* 84 F.3d at 141. In this case because there has been no default entered *nor even sought*, Plaintiff's Motion for Default Judgment is premature and faulty and should be denied. There is no entry of default for which a request for default judgment can lie.

10. Although Defendants dispute that any entry of default has occurred; dispute that the conditions for any entry of default exist; dispute that they have "failed to plead or otherwise defend" against Plaintiff's action; and dispute that Plaintiff has shown by affidavit or otherwise that they have failed to plead or otherwise defend, Defendants also would show that no entry of default should lie and/or the Court should set aside any entry of default should one be entered.

11. When a defendant files a pleading subsequent to an entry of default, a court may construe it as a motion to set aside the default.[2] *See Flores v. Koster,* No. 3:11–cv–726–M–BH, 2012 WL 6928017, at *1 (N.D.Tex. Dec.28, 2012), *rec. adopted,* 2013 WL 271447 (N.D.Tex. Jan.23, 2013); *Little v. D & D Helping Others, Inc.,* No. H–06–3295, 2008 4525398, at *4 (S.D.Tex. Oct. 2, 2008). Moreover, a court may set aside an entry of default *sue sponte. See Flores,* 2012 WL 6928017, at *1; *Diaz v. United States,* 789 F.Supp.2d 722, 732 n. 11 (S.D.Miss.2011) (citing *Anheuser Busch v. Philpot,* 317 F.3d 1264, 1267 (11th Cir.2003)).

12. Under Rule 55(c), the Court may set aside an entry of default for good cause. *See* Fed. R. Civ. P. 55(c). The good cause standard is a liberal one. *See Effjohn Int'l Cruise Holdings, Inc. v. A & L Sales, Inc.,* 346 F.3d 552, 563 (5th Cir.2003). In deciding whether a defendant has shown good cause, courts consider (1) whether the failure to respond was due to excusable neglect; (2) whether the plaintiff would suffer prejudice if the default was set aside; and (3) whether the defendant presented a meritorious defense. *See id.; CJC Holdings, Inc. v. Wright and Lato,*

---

[2] Again Defendant disputes that any default has been entered and disputes that Plaintiff has even properly requested entry of a default, but makes this argument out of an abundance of caution.

*Inc.,* 979 F.2d 60, 64 (5th Cir.1992) (adopting excusable neglect inquiry instead of willfulness); *see also Stevenson v. Verizon Wireless, LLC,* No. 3:08–cv–168–G, 2009 WL 188188, at *2 (N.D.Tex. Jan.27, 2009) (applying excusable neglect factor in accord with *CJC Holdings*). These factors are nonexclusive; another factor that the courts often consider is whether the party acted promptly to correct the default. *See Effjohn,* 346 F.3d at 563. "The decision to set aside a default decree lies within the sound discretion of the district court." *United States v. One Parcel of Real Prop.,* 763 F.2d 181, 183 (5th Cir.1985). Although a motion to set aside a default decree under Fed.R.Civ.P. 55(c) is somewhat analogous to a motion to set aside a judgment under Fed.R.Civ.P. 60(b), the standard for setting aside a default decree is less rigorous than setting aside a judgment for excusable neglect. *United States v. One Parcel of Real Prop.*, 763 F.2d 181, 183 (5th Cir. 1985). Excusable neglect is an " 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 392, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). The term extends to "simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Id.* at 388. Excusable neglect has been found to include late filings resulting from "mistake, inadvertence or carelessness." *Mattress Giant Corp. v. Motor Adver. & Design Inc .,* No. 3:07–cv–1728–D, 2008 WL 898772, at *2 (N.D.Tex. Mar.31, 2008); *see also UMG Recordings, Inc. v. Landers,* CIV.A. 07–1279, 2008 WL 60422, at *2 (W.D.La. Jan.4, 2008) (excusing defendant's delay in answering the complaint in the absence of evidence that *pro se* defendant acted intentionally); *In re Waggoner,* No. 05–21523–RLJ–7, 2007 WL 3171740, at *5 (Bankr.N.D.Tex. Oct.24, 2007) (excusing IRS's delay in answering complaint despite failure to proffer a reason).

13.     In this case, while Defendants strongly dispute that this analysis is necessary or warranted and assert that no default has been entered or is warranted; to the extent any default is incorrectly entered, Defendants urge that good cause warrants setting it aside for all of the above reasons which establish each of the identified factors above.  Although Defendants believe this Motion is frivolous and sanctionable; and do not believe that any of the conditions precedent exist for Plaintiff's relief sought/entry of default judgment, Defendants note that default judgment is a drastic remedy, not favored by the Federal Rules and resorted to by the courts only in extreme situations. *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n v. Am. First Mtg. Funding Corp.,* 874 F.2d 274, 276 (5th Cir.1989). Not only are default judgments generally disfavored in

the law, but there also is a strong policy in favor of deciding cases on the merits. *See Fortenberry v. Texas,* 75 Fed. App'x 924, 926 n. 1 (5th Cir.2003).

14. Here, while there is no actual entry of default by the Clerk nor has Plaintiff requested one, there is absolutely no lawful basis for the Plaintiff seeking a Default Judgment against Defendants South Padre Island or Claudine O'Carroll in her Official Capacity. *Dkt. 70*. Defendants assert that for all of the foregoing, Plaintiff's Motion for Default Judgment should be denied.

### III. MOTION FOR SANCTIONS AGAINST PLAINTIFF PRO SE

15. Sanctions under 28 U.S.C. §1927 can be imposed on an attorney. *Maguire Oil Co. v. City of Houston*, 143 F.3d 205, 208 (5th Cir. 1998). Plaintiff has elected to proceed pro se in this case as his own attorney. The Court can sanction a person for bad faith, willful disobedience of a court order, or fraud on the court. *Chambers v NASCO, Inc*., 501 U.S. 32, 45-46 (1991). The Court can sanction an attorney for negligent or reckless failure to perform her responsibilities as an officer of the Court. *Chambers*, 501 U.S. at 43. The Court can sanction a person when it is necessary for the court to regulate its docket; promote judicial efficiency; and deter frivolous filings. *Mann v Boatright*, 477 F.3d 1140, 1150 (10th Cir.2007).

16. The Defendants do not move for sanctions lightly, and recognize that the Plaintiff is pro se. However, this Plaintiff pro se has repeatedly clogged the Court's docket with frivolous pleadings and Motions that have either been stricken or denied (several of which Defendants have had to respond to). *Dkt. Nos. 6; 29; 48; 63*. A basic and cursory review of the law on Default Judgments would have apprised the Plaintiff of the frivolousness of moving for Default Judgment in a case against parties who have not only appeared, but have vigorously defended against the claims and continue to do so. Plaintiff Pro Se's conduct is egregious with frivolous assertions and filings.

### CONCLUSION & PRAYER FOR RELIEF

THEREFORE, based on the foregoing, the Defendants request and pray that Plaintiff's Motion for Default Judgment should be denied. Defendants further request that sanctions be imposed on Plaintiff Pro Se for frivolous filings and representations to the Court. Defendants further request and pray that they be awarded such other and further relief, at law or in equity, to which they may show themselves justly entitled.

SIGNED on this 30th day of December 2021.

Respectfully submitted,

By: *Robert L. Drinkard*
ROBERT L. DRINKARD
Attorney In Charge
State Bar No. 24007128
So. Dist Id No. 29288
rldrinkard@rampagelaw.com
**DENTON NAVARRO ROCHA BERNAL & ZECH**
A Professional Corporation
701 E. Harrison Ste. 100
Harlingen, Texas 78550
956/421-4904
956/421-3621 (fax)
**ATTORNEYS FOR DEFENDANTS**

By: *Ricardo J. Navarro*
RICARDO J. NAVARRO
State Bar No. 14829100
So. Dist Id No. 5953
rjnavarro@rampagelaw.com
**DENTON NAVARRO ROCHA BERNAL & ZECH**
A Professional Corporation
701 E. Harrison Ste 100
Harlingen, Texas 78550
956/421-4904
956/421-3621 (fax)
**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

    I certify that a true copy of this document has been served in accordance with one or more of the authorized methods for service of process contained in the Federal Rules of Civil Procedure on the persons or parties identified below on the on this the 30th day of December 2021.

Beri Dave                                                     **Via Regular Mail**
P.O. Box 532619
Harlingen, Texas 78552
Email: dojinsdeo1@msn.com
**Pro Se Plaintiff**

By: *Robert L. Drinkard*
      RICARDO J. NAVARRO
      ROBERT L. DRINKARD