United States District Court
Southern District of Texas
FILED

DEC 30 2021

Nathan Ochsner
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

**BERI DAVE,**             Case: 1:20-cv-00209

    **PLAINTIFF**

**VS**

**POLICE OFFICER DAVID C. LAIRD (INDIVIDUAL AND OFFICIAL CAPACITY),
DETECTIVE JAIME RODRIGUEZ (INDIVIDUAL AND OFFICIAL CAPACITY)
CHIEF OF POLICE CLAUDINE O'CARROLL (OFFICIAL CAPACITY),
CITY OF SOUTH PADRE ISLAND, TEXAS (POLITICAL SUBDIVISION)**

    **DEFENDANTS**

## RESPONSE TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR STAY AND PLAINTIFF'S COMPLAINT WITH THE COURT FOR OPPOSING COUNSEL'S UNPROFESSIONAL CONDUCT TOWARDS THE PLAINTIFF

As at other times during these proceedings, the Defendants again misunderstand or misrepresent Plaintiff and his motions before the Court. Plaintiff will address the issues raised in Defendant's most recent filing (Dkt. 71). Answering points 1-4, comes now Plaintiff, Beri Dave:

1. As clearly stated in my motion to the Court, the Magistrate Judge's Report and Recommendation is 42 pages long and cites to nearly as many court decisions and legal opinions. Plaintiff asserts that it would hardly be fair or impartial to be rushed while responding to such a lengthy report in exactly 14 days. Plaintiff clearly stated (Defendants skip over) the fact that it was the length of the report that prevented him from being able to respond within 14 days. The Magistrate Judge's report, references only the Plaintiff's video of his arrest and does not make any reference to the officer bodycam video, which shows the entire incident from Defendant Laird's perspective and provides an excellent and accurate record of exactly what happened between the Plaintiff and Defendant Laird. Plaintiff argues that the review of only the Plaintiff's video by the Magistrate Judge, which shows an incomplete version of events, (the report states at times that "the screen goes black," and, "Dave's voice becomes inaudible at this point," and "very little is heard for a brief period") (Dkt. 26 at 11, pp 6,7) constitutes the "pure

error" upon which a Plaintiff may still challenge a Magistrate Judge's report and recommendation despite failing to file a timely objection. *(Dkt. 62 at 41-42, VI all)*. A review of the officer's bodycam video provides essential details missing from Plaintiff's video, and thus, the Judge's report. Plaintiff also argues that his submission of his motion to allow for an extension with his intent to respond received by the Court on the day that his response was due, constitutes a response which the court must consider. *Douglass v. United Services Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996)*.

2. Plaintiff has not in fact "opposed any extensions" in this case. As Plaintiff made clear to opposing counsel, Plaintiff did not oppose allowing counsel for the Defendants the time needed to recover from his emergency medical procedure, but instead, assumed that another attorney would take over and the case would proceed while primary counsel was out on medical leave. Counsel for the Defendants is comprised of an entire team of Lawyers who span several cities, who can defend several cases simultaneously, and whose offices are fully staffed by support personnel and the necessary equipment, technology and other tools needed to do their job. Plaintiff is Pro Se, does not have an office or even a printer, works a full-time job and must take time off from work any time there is an important deadline or motion to file. Plaintiff wants to move forward with this case. Again, my objection was to extending the entire case while the attorney of record was out on medical leave. It did not seem to be an issue for another attorney to step in and file the opposed motion in Attorney Drinkard's absence. And whether the motion was opposed or not, a motion still would have to have been filed by someone other than Drinkard regardless.

3. This inflammatory accusation by opposing counsel was also sent in an email to Plaintiff, which he finds highly objectionable, defamatory, and out of order. On December 23rd, Attorney Drinkard sent an email to Plaintiff in which he states, "I will also be seeking sanctions against you for a purely frivolous filing." Despite not producing any evidence to support his legal conclusion, Drinkard further alleges that I "fraudulently seek defaults against them" (Laird and Rodriguez) (1). It is clear however, that my motion was filed only against Rodriguez, O'Carroll, and City of South Padre Island and not Laird, and that my motion reads exactly as prescribed in Rule 55 against Defendant(s) who did not answer my complaint or supplemental statement of claims or appear in court. (Dkt. 70).

4. Plaintiff has stated his reasons and his basis for requesting the extension, and believes and will argue that the assertions and conclusions of the Magistrate Judge's report were drawn without the additional facts and missing information Plaintiff wishes to present in his response, and additionally does not avail itself of Discovery items still pending; and which he believes will allow for a fair and impartial assessment that considers additional evidence, facts and court opinions in support of the Plaintiff's position as equally as the current report supports the Defendant's position.

As a civilian attorney in this matter and not a Judge, Mr. Drinkard lacks the legal, administrative, and statutory authority to direct me on what I am allowed or not allowed to do with my lawsuit. He should instead take such matters up with the Court. Contacting me directly, without the involvement of the Court, with legal conclusions of "fraud" and "filing a frivolous motion" is out

of order. Additionally, contacting me to tell me that he will be "seeking sanctions against me" or, (as on a previous occasion), that his clients will "seek all costs and fees against me once they prevail" is out of order. Plaintiff asserts that it is not opposing counsel's place to contact Plaintiff directly with extra-judicial conclusory accusations of fraud and threats of sanctions absent the review and opinion of the Court. *(See Rule 8.04 Misconduct, (a) (5) of the 'Texas Disciplinary Rules of Professional Conduct' and the 'Texas Lawyer's Creed' Section III, no. 1, 9, 10 and 19).*

*(1) "Mr. Dave:*

*Because you have filed a frivolous Motion for Default Judgment and fraudulently represented to the Court that you have served Jaime Rodriguez as a Defendant; and David Laird as a Defendant in his individual capacity, I will not be producing them for deposition in this case. Preparing and presenting someone for deposition is very different when they are a named and served party in the case, as opposed to just being a witness.*

*Since you falsely claim they are named and served Defendants and fraudulently seek defaults against them, I am not going to produce them until the Court reviews that, as well as my Response and Laird and Rodriguez's Motion to Dismiss for insufficient service. I will also be seeking sanctions against you for a purely frivolous filing. As to not producing Laird and Rodriguez for deposition while your motion is pending, you can take it up with the Court.*

*Robert L. Drinkard".*

In conclusion, Plaintiff hereby firmly objects to and opposes all attempts by the Defendants, both in their past filings and motions and those presently filed, to convert their filings and motions into a Rule 56 motion for summary judgement. Plaintiff objects to and opposes all requests by the Defendants that they "be awarded such other and further relief, at law or in equity, including costs of court" (Dkt. 71) and that such requests by the Defendants be denied.

Signed: _____ this 27th Day of December 2021

Beri Dave
P.O. Box 532619
Harlingen, Texas 78553
206-785-8554
dojinsdeo1@msn.com
PLAINTIFF

A copy of this filing was mailed to:

Robert L. Drinkard
Attorney in Charge
701 E. Harrison Ave Ste. 100
Harlingen, Texas 78551
956-421-2904
rldrinkard@rampagelaw.com
ATTORNEY FOR DEFENDANTS