IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **BERI DAVE,** § | | |
|     **Plaintiff** § | | |
| § | | |
| **Vs** § | | Civil Action No. 1:20-CV-00209 |
| § | | |
| **POLICE OFFICER DAVID C. LAIRD,** § | | |
| **POLICE DETECTIVE "JOHN DOE",** § | | |
| **CHIEF OF POLICE CLAUDINE** § | | |
| **O'CARROLL, CITY OF SOUTH** § | | |
| **PADRE ISLAND, TEXAS,** § | | |
|     **Defendants** § | | |

**DEFENDANT JAIME RODRIGUEZ IN HIS INDIVIDUAL
AND OFFICIAL CAPACITY MOTION TO DISMISS
PURSUANT TO RULE 12(B)(5)**

===============================================================

May It Please The Court:

    NOW COMES DEFENDANT JAIME RODRIGUEZ IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES (hereafter "DEFENDANT") and files this Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(5) and would show the Court as follows:

## I. BACKGROUND/PROCEDURAL HISTORY

1.    Plaintiff filed suit on December 15, 2020. *Dkt. 1*. Plaintiff sued only the Town of South Padre Island and David Laird and Claudine O'Carroll in their Official Capacities, as well as an unknown "John Doe". *Dkt. 1*. On December 18, 2020, summons were issued as to the named Defendants South Padre Island; Laird and O'Carroll in their Official Capacities; and a "John Doe". *See Court Docket Sheet*. Defendant Jaime Rodriguez is not named as a Defendant in either his individual or official capacity in this Complaint, nor was any summons issued for Jaime Rodriguez regarding the Original Complaint. *Dkt. 1; Court's Docket Sheet*. Defendant David Laird in his Individual Capacity was likewise not named or sued in the Original Complaint. *Dkt. 1*. No summons were issued for Jaime Rodriguez in any capacity nor for David Laird in his individual capacity. *Court's Docket Sheet*.

2.      At a Scheduling Conference on April 23, 2021, Plaintiff advised the Court that he would be re-pleading to sue and name the named official capacity Defendants Laird and O'Carroll also in their individual capacities; and another unknown party whom he had previously sued as "John Doe". *See Minute Entry*, *Court docket sheet*. Plaintiff explicitly acknowledged he had not yet sued the Defendants in these capacities.

3.      Subsequent to this, Plaintiff filed a Motion for Leave to file Supplemental Pleading, without attaching the Proposed pleading, on June 3. *Dkt. 47*. This Motion did not attempt to name Jaime Rodriguez as a Defendant, nor David Laird in his Individual Capacity as a Defendant; and further, this Court struck the Motion, and gave Plaintiff very specific instructions regarding seeking leave to amend his Complaint by June 15. *Dkt. 48*. Plaintiff failed to file Leave to Amend his Complaint by June 15. Subsequently, on July 21, the Court ordered Plaintiff to file a Motion for More Definite Statement, with further very clear instructions regarding any named Defendants he intended to sue, noting Plaintiff's previous failure to properly name and clarify the capacity in which he sued Defendants. *Dkt. 51*.

4.      Plaintiff subsequently filed his Motion for More Definite Statement on August 13, 2021. *Dkt. 48*. In the Motion for More Definite Statement, Plaintiff vaguely purports to name Jaime Rodriguez, individually and officially as a Defendant in this case for the first time; and purports to sue Defendant David Laird in his Individual Capacity for the first time. *Id*. However, Plaintiff never served Jaime Rodriguez with this Motion for More Definite Statement; or any Complaint or pleading naming and identifying him as a Defendant. Further, Plaintiff never served David Laird with the Motion for More Definite Statement, or any Complaint, Petition or paper naming him as a Defendant in his Individual Capacity.

## II.  ARGUMENT AND AUTHORITIES

**A.      No Timely Service of Complaint**

5.      Plaintiff has not served Defendant Jaime Rodriguez, either officially or individually, with service of any Complaint or pleading naming him as a Defendant. Plaintiff has never requested issuance of summons for any pleading on Defendant Jaime Rodriguez. *See Court Docket Sheet, particularly Dkt. 54 to present*. No summons has been issued by the Clerk for Defendant Jaime Rodriguez. *Id*. There has been no return of service of summons filed with respect to Defendant Jaime Rodriguez. *Id*. There exists no paperwork; documentation or proof of any kind that Jaime

Rodriguez has never been served with process as to any pleading in this case naming or identifying him as a Defendant.

6. Further, Jaime Rodriguez specifically denies via Declaration being served with process regarding any Petition, Complaint or lawsuit naming him as a Defendant in this case. *Ex. A*. Defendant Jaime Rodriguez specifically denies ever being asked to or agreeing to waive service for any Complaint naming him as a Defendant in any capacity in this lawsuit. *Id*.

7. A Plaintiff is responsible for serving summons and complaint on a Defendant within the time allowed under FRCP 4(m). The plaintiff must furnish the person effecting service with the necessary copies of the summons and complaint. FRCP 4(c)(1). The summons and complaint must be served together. *Id*.; *Carimi v Royal Caribbean Cruise Line, Inc*, 959 F.2d 1344, 1345-46 (5th Cir.1992). When serving process on a defendant in the United States, the summons and complaint must be served on the defendant within 90 days after the filing of the complaint. FRCP 4(m); *Attkisson v Holder*, 925 F.3d 606, 627 (4th Cir.2019). If the summons and complaint are not served within 90 days, the court must dismiss the suit for the unserved parties unless the plaintiff shows good cause for not making service. FRCP 4(m); *see Attkisson*, 925 F.3d at 627; *Cruz v Louisiana*, 528 F3d 375, 379 (5th Cir. 2008).

8. There is no good cause in this case for Plaintiff's failure to serve this Defendant with process. Plaintiff has been actively involved in this case with filings from the beginning. Plaintiff has been given a great deal of latitude and instruction from the Court regarding filings. Perhaps most indicative of the lack of good cause for service is the fact that Plaintiff fraudulently and frivolously has filed a Motion for Default Judgment as to this Defendant, despite never actually serving him or even attempting to serve him. *Dkt. 70*. Plaintiff's entirely frivolous Motion for Default Judgment eviscerates any possible claim for good cause he might have for failing wholly to properly serve or even attempting to properly serve, this Defendant with process.

## CONCLUSION & PRAYER

THEREFORE, based on any one or more of the foregoing reasons, DEFENDANT hereby requests that the Court dismiss Plaintiff's claims and causes of action in the Plaintiff's Motion for More Definite Statement and dismiss this lawsuit against him.

SIGNED on the 7th day of January, 2022.

        Respectfully submitted,

By: *Robert L. Drinkard*
ROBERT L. DRINKARD
Attorney In Charge
State Bar No. 24007128
So. Dist Id No. 29288
rldrinkard@rampagelaw.com
**DENTON NAVARRO ROCHA BERNAL & ZECH**
A Professional Corporation
701 E. Harrison Ste. 100
Harlingen, Texas 78550
956/421-4904
956/421-3621 (fax)

By: *Ricardo J. Navarro*
RICARDO J. NAVARRO
State Bar No. 14829100
So. Dist Id No. 5953
rjnavarro@rampagelaw.com
**DENTON NAVARRO ROCHA BERNAL & ZECH**
A Professional Corporation
701 E. Harrison Ste 100
Harlingen, Texas 78550
956/421-4904
956/421-3621 (fax)

**ATTORNEYS FOR DEFENDANT JAIME RODRIGUEZ IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES**

## CERTIFICATE OF SERVICE

    I certify that a true and correct copy of this document has been served on the persons or parties identified below in accordance with one or more of the recognized methods of service by the Federal Rules of Civil Procedure on the 7th day of January, 2022.

| | |
|---|---|
| Beri Dave<br>P.O. Box 532619<br>Harlingen, Texas 78553<br>Email: dojinsdeo1@msn.com<br>**Pro Se Plaintiff** | **Via E-CMRRR No. 9489 0090 0027 6351 9621 78** |

*Robert L. Drinkard*
RICARDO J. NAVARRO
ROBERT L. DRINKARD