UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JAN 10 2022

NATHAN OCHSNER
CLERK OF COURT

**BERI DAVE,**        Case: 1:20-cv-00209

    **PLAINTIFF**

**VS**

**POLICE OFFICER DAVID C. LAIRD (INDIVIDUAL AND OFFICIAL CAPACITY),
DETECTIVE JAIME RODRIGUEZ (INDIVIDUAL AND OFFICIAL CAPACITY)
CHIEF OF POLICE CLAUDINE O'CARROLL (OFFICIAL CAPACITY),
CITY OF SOUTH PADRE ISLAND, TEXAS (POLITICAL SUBDIVISION)**

    **DEFENDANTS**

### REPLY TO DEFENDANT'S "OPPOSED" RESPONSE AND MOTION

Defendants classify their response to Plaintiff's Motion as "opposed" but Plaintiff was never consulted as to their response or motion.

U.S. District Judge Rolando Olvera's Rules of Civil Procedures read as follows:

*Section 6. Motions: B. Opposed Motions.*

*Opposed motions must:*

*(4) Except for motions under FRCP 12(b), (c), (e), or (f), or FRCP 56, opposed motions must contain a statement that:*

*a. <u>The movant has conferred with the respondent</u>, and*
*b. Counsel cannot agree about the disposition of the motion. If after conferring with one another, counsel cannot agree about the disposition of a motion, counsel may schedule a telephonic conference with the Court to discuss the motion and the opposing party's response. If after a telephonic conference is held, the motion is not resolved, the parties are instructed to schedule a hearing with the Court and submit a motion requesting the hearing. The joint motion must contain a list of all pending issues in the opposed motion and a statement that counsel have conferred amongst themselves and believe a hearing is necessary to resolve the motion. The Court's standard practice is to rule on opposed motions by submission only. (Judge Rolando Olvera's Rules of Civil Procedure, Section 6). (Emphasis added).*

*LR7. CIVIL PRETRIAL MOTION PRACTICE*

*LR7.1 Form. Opposed motions shall*

*A. Be in writing;*

*B. Include or be accompanied by authority; USDC/SDTX Local Rules (2000) Reprinted May 2020*

*C. Be accompanied by a separate proposed order granting the relief requested and setting forth information sufficient to communicate the nature of the relief granted;*

*D. Except for motions under Federal Rules of Civil Procedure 12(b), (c), (e), or (f) and 56, contain an averment that (1) <u>The movant has conferred with the respondent</u> and (2) Counsel cannot agree about the disposition of the motion. LOCAL RULES OF THE United States District Court FOR THE SOUTHERN DISTRICT OF TEXAS LR7.1* (Emphasis Added).

Plaintiff was not conferred with before Defendants filed their "opposed" response and motion, unless Defendants consider their harassing email to Plaintiff telling him they were seeking sanctions against him to be in compliance with these rules.

COMMENTARY AND REPLIES TO DEFENDANT'S RESPONSE AND MOTION

Defendants ridiculed and/or ignored Plaintiff's many attempts at identifying Defendant "John Doe" while simultaneously stating that Plaintiff has failed to show who "John Doe" is or whether or not he even exists. (Examples given in Dkt. 70)

Now, in a frantic pleading (Dkt. 72), Defendants promise to answer for Defendant Rodriguez after the fact, and after Plaintiff has motioned for Default Judgement against him and 2 other Defendants.

Defendants seem not to have believed that this lawsuit would make it this far and attempted to obfuscate and delay the identification of "John Doe", believing that the case would have long been dismissed before Plaintiff could ever identify him. Now they are scrambling last minute to shift blame on to the Plaintiff for their failure to defend; going so far as to motion for sanctions against him, for his Motion for Default Judgement; which was brought about by their actions, not those of the Plaintiff.

Defendants seem to argue that their denied Rule 12(b)(6) motion somehow created a safety blanket for all Defendants, in any capacity, past or present:

*"A motion to dismiss under FRCP 12(b) is always sufficient to prevent entry of default. See FRCP 55(a); US. v. 51 Pieces of Real Prop., Roswell NM, 17 F3d 1306, 1314 (10th Cir. 1994)."* (Dkt. 72)

But this does not prove that Rodriguez appeared or that Defendant's 12(b) Motion(s) moved to dismiss on his behalf, and is in stark contrast to the conclusions of the Magistrate Judge, who asserted that *"Rodriguez has not made an appearance in this action"* (Dkt. 62).

SERVICE ON DEFENDANTS

Defendants confirm service of a complaint and summons on "John Doe". This is not disputed by Plaintiff and supports the basis for his Rule 55 Motion:

*"Plaintiff filed suit on December 15, 2020, naming and suing South Padre Island and David Laird and Claudine O'Carroll in their Official Capacities along with a "John Doe". (Dkt. 72)*

TRUE

*"On January 12, Defendants South Padre Island and David Laird and Claudine O'Carroll in their Official Capacities appeared through a filing of a Rule 12 Motion to Dismiss. Dkt 18. In response, on January 21, Plaintiff specifically indicated he was going to re-plead to sue Defendant's Laird and O'Carroll in their individual capacities. Dkt. 25. p. 1. Consequently, Plaintiff has been on notice of challenged procedural issues with his Original complaint since January and he represented in January that he would amend to cure. (Dkt. 1, p. 1)" (Dkt. 72).*

FALSE

When Defendants raised an objection to Plaintiff referring to his lawsuit against Laird and Rodriguez (then "John Doe") in their individual capacity, Plaintiff then made his clarification that his lawsuit was always in fact against Laird and Rodriguez in both their Individual and Official capacity, but that the form used, unchecked one of the boxes upon printing, despite the instructions stating that both could be checked. And Plaintiff never sought to sue Defendant O'Carroll in her Individual Capacity.

Here is what Plaintiff said:

NOW COMES PLAINTIFF BERI DAVE, IN PRO SE, AND IN RESPONSE TO DEFENDANT'S RULE 12 MOTION:

First point of order, is that the online form that I used to fill out the 1983 complaint, does not allow for both "individual capacity" and "official capacity" boxes to be checked. I did intend to check off both boxes, but upon printing, only the official capacity box was checked. My suit was written and intended to sue the Defendants in their individual capacities, but to detail their actions as carried out under the "color of law." This is why the complaint outlines the specific acts carried out by each Defendant. It also lists the Chief and the City as co-defendants, for their inaction and failure to train their officers on the rights of citizens to record their officers while on duty, and how such activity should not be used to justify an arrest or detainment. Plaintiff pleads that Chief Claudine O'Carroll (O'Carroll) is the policymaker for the Police Department and City Manager Randy Smith (Smith) for the City of South Padre Island; for the purposes of this complaint and in response to Defendant's motion. If granted Leave to Amend by the Court, I will check off both boxes, but the verbiage of the complaint will not change, unless the change is necessary for purposes of compliance with the Rules of the Court or to prevent frivolous challenge by the Defense. Or if the suit will be dismissed based on this discrepancy, then I motion to continue as is. If the correction stated here in this response suffices, then I motion to continue with this clarification made. Because there were combined defendants, my complaint is against the individual officers and the municipality they work for.

*"My complaint is against the individual officers and the municipality they work for." – (Dkt. 25, p. 1).*

Plaintiff would note here that the "individual officers" Plaintiff was referring to are Police Officer David C. Laird and Police Detective Jaime Rodriguez (as "John Doe" prior to Discovery).

Plaintiff was not referring to Defendant O'Carroll in the above document and does not recall stating anywhere else that he either had or intended to sue O'Carroll in her individual capacity. Defendant O'Carroll did not put hands on me and wrench my arms behind my back as Laird did, and she did not charge towards me challenging me to fight as Rodriguez did. My allegations against O'Carroll were for not taking her job serious enough to make sure that her officers knew that citizens have the right to record them while they are in public or are publicly visible, and that they should not detain or arrest the person based solely on the act of recording them. And this failure is evidenced by Laird in his police report where he stated that his reason for detaining Plaintiff was because he was recording him.

Defendants claim that they answered for both officers against "all claims and causes of actions":

*"While Defendants dispute that Jaime Rodriguez would need to be a served and appeared Defendant in the lawsuit in order to obtain a ruling on the City's liability related to Jaime Rodriguez's alleged conduct, Defendants dispute that the City did not challenge by pleading all of Plaintiffs claims and causes of actions." – (Dkt. 72, p. 3, pp. 8).*

However, as documented in Plaintiff's Rule 55 Motion, Defendants have never answered or motioned to dismiss Plaintiff's allegations against Jaime Rodriguez which are not identical to those of Laird and is the basis for Plaintiff's Rule 55 Motion. Therefore, Defendants did not "plead all of Plaintiff's claims and causes of actions."

Next, Defendants attempt to bait and switch their burden of proof onto the Plaintiff:

*"3. At no time in this entire litigation has Plaintiff ever served, attempted to serve, requested service of summons or had summons issued as to Defendant Jaime Rodriguez individually or officially. See Court Docket Sheet, particularly Dkt. 54 to present. Plaintiff provides no proof, affidavit or any shred of documentation in his Motion for Default Judgment that Defendant Jaime Rodriguez was properly served with process as to any pleading in this case naming or identifying him as a Defendant. ₁ Dkt. 70" (Dkt. 72, p.2, pp. 3).*

The Magistrate Judge stated that it was the Defendants who have not shown that Rodriguez is not in fact a named and served Defendant. The Judge did not say that Plaintiff has not shown that he served him. In fact, the Magistrate Judge stated that Plaintiff's more definite statement does in fact seek to add Defendant Jaime Rodriguez and that Plaintiff recognizes him as previously being John Doe. (Dkt. 62). Defendants have utterly failed to disprove the Magistrate Judge's assertion.

Defendant's Minute Entry:

[1] *Defendants and underlying counsel would note that un-served Defendant Jaime Rodriguez has not made an appearance in this lawsuit, but reference the lack of service upon Rodriguez*

> *to further show the frivolousness of this filing by Plaintiff. An appearance through a dismissal motion as to un-served Defendant Rodriguez is likely to be forthcoming for a failure to serve him in the lawsuit. (Dkt. 72, p.2, m. 1).*

"Likely to be forthcoming?" Why wasn't it already filed? More importantly, if a Defendant is "un-served" as Defendant's claim (but fail to prove) why would they make an appearance for an "un-served" party? Defendants contradict themselves here.

Defendants continue their assault on Plaintiff's character and intentions:

> *"4. Plaintiffs Motion for Default Judgment as to Defendants South Padre Island and Claudine O'Carroll in her Official Capacity is not only wholly technically and procedurally deficient, but is purely frivolous in every conceivable way. It is a shame that Defendants' counsel has to expend costs and fees responding to Plaintiffs harassing and frivolous pleadings. This particular Plaintiff clearly treats the Court process with the same contempt and disrespect he treats law enforcement officers, as evidenced by the attachments to his original pleadings." (Dkt. 72).*

Plaintiff in fact has the utmost respect for honorable, level-headed law enforcement officers, who represent themselves and their department with integrity and professionalism (as Plaintiff himself has in 25 years of working Armed Private Security, Armed Contract Federal Security, Public Safety, Personal Protection and Federal Law Enforcement) and who comply with State and Federal Laws and abide by their department's policies. Plaintiff does not respect those who commit crimes under the color of law, and who attack innocent people who have not committed a crime and who are engaged in Constitutionally protected activities. Plaintiff does not respect law enforcement officers who tarnish the uniform and put their brothers and sisters in blue at risk with overly aggressive conduct; especially while being recorded for the entire world to see. It is not a citizen with a camera that poses a threat to good law enforcement officers, it is bad law enforcement officers who conduct themselves in a manner which brings shame upon them and upon their department. Plaintiff will never respect such a person.

And let's not forget why we are here and where the real "shame" lies. We are here because a Police Officer of the South Padre Island Police Department chose to disregard his de-escalation training, ignore his department's policy to identify himself before engaging a member of the public, and without issuing any verbal warnings or allowing Plaintiff the opportunity to finish asking him (calmly) why the officer believed that Plaintiff was trespassing, decided that he would go hands on and arrest me for traversing through an open area of public property where no signs or barriers existed indicating that the area was closed to the public. That is the real shame. Not that Counsel for the Defendants must do the job that he gets paid to do; while Plaintiff on the other hand, continues to lose money and be forced to take unauthorized time off work pursuing this lawsuit. Filing anything creates a hardship for me and consumes a tremendous amount of my time, and negatively affects my mental and emotional health. I did not wait 46 years to suddenly decide that I would one day intentionally clog up a Federal Court with frivolous motions and filings, when in fact this is the first lawsuit I have ever filed against anyone in my life and despite not having an attorney. And it is all because I was unlawfully arrested while engaged in the legal

and lawful act of walking and recording with a cellphone camera while passing through an open area of public property that I own and pay for. That is the "shame" of this case.

Despite all of the noise in their filing, and the plethora of legal cases and court opinions they use to try to beef up their meandering document, Defendants completely fail to provide proof that Detective Jaime Rodriguez is not a served party to this lawsuit. They instead, attempt a bait and switch, and then turn their motion into a tirade against "this pro se Plaintiff" and how he "doesn't respect law enforcement officers."

Later in their filing, Defendants assert that their claims are "undisputed".

*"5.It is undisputed that both of these Defendants have not only appeared in this case, but have, through numerous Motions, defended against Plaintiffs varied and irregular pleadings, including the last "pleading" filed of record." (Dkt. 72)*

If it was in fact "undisputed" as Defendants claim, the Magistrate Judge would not have stated that Defendants have not shown a lack of service to be the case. (Dkt. 62).

Defendants continue their "undisputed facts" here:

*"The fact that the Magistrate declined to address them all in the Report does not change this fact." (Dkt. 72, p. 3, pp. 8). (Dkt. 72).*

Let's go to the Magistrate Judge's Minute Entry:

*"1 In his Statement of Claims, Dave seeks to add claims against Detective Jaime Rodriguez, an individual he previously identified in his Complaint as "Defendant John Doe." Dkt. No. 54 at 1, 5-6. Defendants claim that Dave has not properly named or served Rodriguez (see Dkt. No. 55 at 1, note 1), but they have not shown this to be the case. Thus, as Rodriguez has not made an appearance in this action, and Defendants have not moved to dismiss on his behalf (see Dkt. No. 55 at 1, note 1), the Court should decline Defendants' request to dismiss this entire lawsuit. See Dkt. No. 55 at 14 (requesting that the Court "dismiss this lawsuit"). Instead, the Court should only dismiss the claims against Officer Laird and the claims against Defendants based upon the conduct of Officer Laird." (Dkt. 62, p. 1, pp. 1)*

This statement and conclusion by the Magistrate Judge can hardly be classified as "declining to address them all in the report" but in fact underlines the Plaintiff's assertions in his Rule 55 Motion.

As to 6 – 15, Plaintiff will wait for the decision of the Court in this matter, as to the validity of the claims by these Defendants. Plaintiff will not waste his time arguing the mountain of legal cases Defendants use to avoid directly answering the Magistrate Judge's assertion that they have failed to defend Laird in his Individual capacity or to show that Rodriguez was not in fact served and has not appeared. Instead, Plaintiff moves for Leave of the Court to correct any actual procedural or technical deficiencies in his Rule 55 Motion should such deficiencies exist. Absent the corrections needed, if any, Plaintiff asserts that his Motion is valid and is not defeated simply because Plaintiff as Pro Se, lacks the knowledge of how to exactly file his Motion as has been the case with the other procedural deficiencies in his lawsuit to date. Just as Plaintiff has not,

does not and would not ever break the law while recording police officers, or engage in conduct which could be construed by Police as reasonable suspicion to detain him, Plaintiff would also never intentionally harm his own lawsuit with frivolous motions, or intentionally "clog up the court docket" with "frivolous filings". Such actions would be counter-productive to Plaintiff's prayer for relief from this Court and would only serve to reinforce and feed into the Defendant's personal attacks against him and their attempts at painting him as a criminal-type who hates Police and has no respect for the Court. If Plaintiff did not respect this Court or the Rules of the Court, he never would have filed his lawsuit here. Plaintiff believes in the Rule of Law and the Federal Court system as a place where injured parties can seek justice and relief.

## COUNTER MOTION

Plaintiff hereby moves for the Defendant's Motion to be denied and except for any technical or procedural deficiencies which he moves for Leave to Amend, that his Rule 55 Motion be GRANTED and that Defendant's request that they "be awarded such other and further relief, at law or in equity, to which they may show themselves justly entitled" be DENIED.

Signed: _____ this 7th Day of January 2022

Beri Dave
P.O. Box 532619
Harlingen, Texas 78553
206-785-8554
dojinsdeo1@msn.com
PLAINTIFF


A copy of this motion was mailed to:


Robert L. Drinkard
Attorney in Charge
701 E. Harrison Ave Ste. 100
Harlingen, Texas 78551
956-421-2904
rldrinkard@rampagelaw.com
ATTORNEY FOR DEFENDANTS