Case 1:20-cv-00209 Document 105 Filed on 07/28/22 in TXSD Page 1 of 12

United States District Court
Southern District of Texas
**ENTERED**
July 28, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| BERI DAVE, | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Civil Action No. 1:20-cv-209 |
| | § | |
| DAVID C. LAIRD, ET AL., | § | |
| Defendants | § | |

# MAGISTRATE JUDGE'S
# REPORT AND RECOMMENDATION

The Court is in receipt of Plaintiff Beri Dave's pro se "Complaint for Violations of Civil Rights" and his "More Definite Statement of All Claims" (hereinafter, Dave's "Complaint" and "Statement of Claims"). Dkt. Nos. 1 and 54. The City of South Padre Island, David C. Laird, and Claudine O'Carroll have filed a "Motion to Dismiss Pursuant to Rule 12 and Alternatively Motion for Summary Judgment" (hereinafter, Defendants' "Motion" or "Motion to Dismiss"). Dkt. No. 82.[1] Defendants' Motion to Dismiss seeks the dismissal of all claims against them based upon the conduct of Defendant Jaime Rodriguez (hereinafter, "Detective Rodriguez"). *Id*. at 2-3. For the reasons provided below, it is recommended that the Court **GRANT** Defendants' Motion. Additionally, for the reasons provided below it is recommended that the Court **DISMISS** all claims against Detective Rodriguez and **DIRECT** the Clerk of Court to **CLOSE** this case.

---

[1] The Court has already dismissed Dave's claims against David C. Laird, and he is no longer a defendant in this civil action. *See* Dkt. No. 93 at 2.

## I. Jurisdiction and Venue

The Court has federal question subject matter jurisdiction over this civil action because Dave has alleged violations of 42 U.S.C. § 1983. *See* Dkt. No. 1 at 3, 7, 5, 10; 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Venue is also proper in this District because the alleged events giving rise to Dave's lawsuit occurred here. *See* Dkt. No. 1 at 7-19 (describing events and omissions occurring in Cameron County, Texas); 28 U.S.C. § 1391(b)(2) (noting that a civil action may be brought in the judicial district where "a substantial part of the events or omissions giving rise to the claim occurred").

## II. Legal Standards

**(A) Federal Rule of Civil Procedure 12(b)(6).** Dismissal is appropriate under Rule 12(b)(6) if the plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678-80 (2009), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a). *Richter v. Nationstar Mortgage, LLC*, Civil Action No. H–17–2021, 2017 WL 4155477, at *1 (S.D. Tex., 2017). Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To withstand a Rule 12(b)(6) challenge, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. 544, 570. This means that a complaint, taken as a whole, "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory[.]" *Id*. at 562 (quoting *Car Carriers, Inc. v. Ford*

*Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984) (internal quotation marks omitted; emphasis and omission in original)).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 544, 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 2944 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." *Id.* Although the Supreme Court in *Twombly* stressed that it did not impose a probability standard at the pleading stage, an allegation of a mere possibility of relief does not satisfy the threshold requirement of Rule 8(a)(2) that the "plain statement" of a claim include factual "allegations plausibly suggesting (not merely consistent with)" an entitlement to relief. *Id.* at 557. A court need not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions[.]" *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005) (citing *Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)).

**(B) 42 U.S.C. § 1983**. Section 1983 of Title 42 does not grant substantive rights. Instead, it provides a vehicle for a plaintiff to vindicate those rights that are protected by the United States Constitution and other federal laws. *Albright v. Oliver,* 510 U.S. 266, 271 (1994). Specifically, § 1983 provides a cause of action for individuals who have been "depriv[ed] of [their] rights, privileges, or immunities secured by the Constitution and laws" of the United States by a "person" acting under color of state law. *Id.* at 315. A plaintiff seeking § 1983 relief must show: (1) that the conduct complained of was committed under color of state law, and (2) that the conduct deprived the plaintiff of

rights secured by the Constitution or laws of the United States. *See Hernandez v. Maxwell*, 905 F.2d 94, 95 (5th Cir. 1990) (citing *Daniel v. Ferguson*, 839 F.2d 1124, 1128 (5th Cir. 1998)).

### III. Discussion

On June 21, 2022, Defendants filed an "Advisory to the Court Regarding Jaime Rodriguez" (hereinafter, Defendants' "Advisory"). Dkt. No. 101. Defendants' Advisory notified the Court that Detective Rodriguez had passed away approximately two weeks prior to the filing of their Advisory. *Id.* at 2. For reasons discussed previously by the Court (*see* Dkt. No. 78 at 7-10; Dkt. No. 96 at 1-2; Dkt. No. 103 at 1), Detective Rodriguez had not been served with Dave's Complaint or Statement of Claims prior to his death. *See* Dkt. No. 99 ("Return of Service returned unexecuted"). Currently, the only claims remaining in this action are Dave's claims against Detective Rodriguez,[2] and his claims against the City of South Padre Island and Chief of Police Claudine O'Carroll (hereinafter, "the City" and "Chief O'Carroll"), which are based upon Detective Rodriguez's conduct. *See* Dkt. Nos. 62 and 93.

**(A) Dave's Claims Against Detective Rodriguez in his Individual Capacity.** Rule 17(b)(1) of the Federal Rules of Civil Procedure provide that the capacity to sue or be sued is determined "by the law of the individual's domicile[.]" FED. R. CIV. P. 17(b)(1). The record before this Court indicates that Detective Rodriguez's domicile was in Texas. Or, at least, no party has indicated that his domicile was elsewhere. In Texas, "a judgment against a party who died before service of process and whose estate has not

---

[2] Dave's Complaint and Statement of Claims attempt to allege causes of action against Detective Rodriguez in his individual and official capacity. Dkt. No. 1 at 1-2; Dkt. No. 54 at 1.

been made a proper party is void." *Ins. Co. of N. Am. v. Dealy*, 911 F.2d 1096, 1099 (5th Cir. 1990) (citing *Edens v. Grogan Cochran Lumber Co.*, 172 S.W.2d 730 (Tex. Civ. App. 1943)). As a deceased individual, Detective Rodriguez also lacks the capacity to be sued under Texas law. *Id. See also Parker v. Bill Melton Trucking, Inc.*, No. 3:15-CV-2528-G, 2015 WL 6157321, at *1 (N.D. Tex. Oct. 19, 2015) (noting that a deceased defendant "lacked the capacity under Texas law to be sued.") (citing *Adamson v. Blackmar*, 546 S.W.2d 698, 703 (Tex. Civ. App.—Austin 1977, no writ); *M.T. Jones Lumber Co. v. Rhoades*, 17 Tex. Civ. App. 665, 675, 41 S.W. 102, 105 (Galveston 1897, writ ref'd); *Baker v. Stephenson*, 174 S.W. 970, 971 (Tex. Civ. App.—San Antonio 1915, no writ)).

Because Detective Rodriguez lacks the capacity to be sued, Dave's individual capacity claims against him are subject to dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Stanford v. Liberty Mut. Grp. Inc.*, No. 4:18-CV-96-DMB-JMV, 2018 WL 5259474, at *3 (N.D. Miss. Oct. 22, 2018) (noting that claims against a defendant who lacks the "procedural capacity to be sued" may be dismissed under Rule 12(b)(6)); *Steele v. Police Dep't of Oakdale*, No. 1:08-cv-1947, 2010 WL 816177, at *2 (W.D. La. Mar. 9, 2010) (same) (citing *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 262 (5th Cir. 1999); *Batiste v. Bonin*, No. 06-1352, 2007 WL 1791219, at *1 n. 1 (W.D.La. June 13, 2007); *Angers ex rel. Angers v. Lafayette Consol. Gov't*, No. 07-0949, 2007 WL 2908805, at *2-3 (W.D. La. Oct.3, 2007)).

On a related note, this Court has no duty to allow Dave additional time to name and serve a party with the legal capacity to represent Detective Rodriguez's estate. Presuming for the sake of argument that Dave's individual capacity claims could be levied

against Detective Rodriguez's estate, they still fail to state a plausible claim for relief.[3] Dave argues that Detective Rodriguez is liable to him under § 1983 and Texas criminal law. Specifically, he accuses Detective Rodriguez of: (1) violating his right to record police officers under the First Amendment; (2) violating his right to speak, assemble, and express his opinions under the First Amendment; (3) violating his rights under the United States Constitution by asking him to identify himself, and by failing to identify himself as a police officer; (4) violating his rights under the Texas Penal Code by physically and verbally harassing him, menacing him, and criminally stalking him. *See* Dkt. No. 1 at 9-12; Dtk. No. 54 at 5-7. In support of these claims, Dave has submitted documents, pictures, and videos. *See* Dkt. No. 1-1 and 1-2.[4]

Dave's supporting evidence does not show that Detective Rodriguez violated any of Dave's federally protected rights.[5] Dave has also failed to show that he may proceed in this Court for alleged violations of Texas state criminal laws. Among other things, Dave's video evidence shows: (1) Dave using his phone to film behind the South Padre Island Police Department in close proximity to the Department's car port, police vehicles,

---

[3] Before his death, the Court did order the Marshal's Service to serve Detective Rodriguez. *See* Dkt. No. 96. However, the undersigned recommended service, in part, to allow Detective Rodriguez the opportunity to present his personal defenses and otherwise respond to Dave's allegations. *See* Dkt. No. 78.

[4] In reviewing a party's claims under Rule 12(b)(6), a federal district court may consider matters outside the pleadings without converting the motion into a Rule 56 motion if they are attached or incorporated into the complaint, or if they are referred to in the complaint and central to at least one of the plaintiff's claims. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000); *Rollerson v. Brazos River Harbor Navigation Dist. of Brazoria Cty. Texas*, 6 F.4th 633, 638–39 n. 3 (5th Cir. 2021). Dave submitted his supporting evidence with his Complaint, and he refers to the evidence and incorporates it in his Complaint and Statement of Claims. *See* Dkt. Nos. 1 and 54.

[5] The Court has already summarized some of this evidence in a prior Report and Recommendation and incorporates that summary here by reference. *See* Dkt. No. 62 at 9-19.

employee-only back entrance, and sally port; (2) Dave swearing at the officers present, calling them names, telling them that he pays their salaries, and otherwise behaving in an aggressive, rude, and belligerent manner; (3) Dave repeatedly telling the officers present to send somebody out to talk to him so that he can make a complaint; (4) Detective Rodriguez approaching Dave and attempting to assist him; (5) Dave responding by yelling, "don't try to change the narrative" . . . "don't patronize me;" (6) Dave again insulting the officers present by calling them rats; (7) Detective Rodriguez asking Dave why he is calling them rats; (8) Dave telling Detective Rodriguez, "I can call you what I want to call you;" (9) Dave asking Detective Rodriguez if he is from this country; (10) Dave stating that he wants to file a complaint; (11) Detective Rodriguez asking Dave for his name; (12) Dave stating that he does not have to provide his name; (13) Detective Rodriguez explaining that he is asking for Dave's name because Dave stated that he wanted to file a complaint; (14) Dave accusing Detective Rodriguez of lying and calling him "old man river;" (15) Dave walking away and yelling in Detective Rodriguez's direction, "Go fuck yourself old man, go fuck yourself old man;" (16) Dave telling his video audience that he needs 100 people to come down and "audit" the police officers; (17) Dave calling the police officers "assholes."[6]

Dave's evidence does not show that Detective Rodriguez prevented Dave from filming because Dave films their interaction right up until the point when he leaves the premises. Dave asserts that Detective Rodriguez threatened to arrest him if he did not leave the premises, but Detective Rodriguez did not forcibly remove Dave, arrest him, or

---

[6] This video evidence was submitted by Dave with his Complaint on a "jump drive" which contains several short videos. *See* Dkt. No. 1-2 at 15 (listing exhibit contents). The video evidence is on file with the Clerk of Court. *See* Dkt. No. 92.

otherwise make physical contact with Dave. Given that Dave was yelling at Detective Rodriguez and the other officers present, swearing at them, calling them names, suggesting that he was calling 100 other people to come join him, monopolizing police time, and otherwise disturbing the peace, Detective Rodriguez was well within his rights to ask Dave to leave.

Detective Rodriguez's request for Dave's identification and alleged failure to provide Dave with his own name did not violate Dave's federally protected rights.[7] Police officers sometimes break the law and violate the civil the liberties of citizens and non-citizens alike. For that there should be consequences, but this case does not further that cause. Dave's claims against Detective Rodriguez are belied by his own video evidence. As such, this Court has no duty to allow Dave additional time to name and serve a party with the legal capacity to represent Detective Rodriguez's estate. It is recommended that the Court dismiss Dave's claims against Detective Rodriguez in his individual capacity pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**(B) Dave's Claims Against Detective Rodriguez in His Official Capacity.** If a plaintiff is attempting to prevail under § 1983 against a defendant in his official capacity, then the plaintiff must satisfy the *Monell* test. *Duvall v. Dallas Cnty, Tex.*, 631 F.3d 203, 209 (5th Cir. 2011) (citing *Monell v. New York City Dept. of Social Serv.*, 436 U.S. 658, 694 (1978)). Under *Monell*, claims against government agents or officers in their official capacities are, in essence, claims against the governmental entity itself.

---

[7] Dave made these same claims against Defendant Laird. The undersigned recommended that these claims be dismissed pursuant to Rule 12(b)(6). Dkt. No. 62 at 37-38. United States District Judge Rolando Olvera adopted that recommendation. Dkt. No. 93. Dave's instant claims against Detective Rodriguez fail to state a claim for the same reasons. The undersigned incorporates its analysis of those reasons here by reference. *See* Dkt. No. 62- at 37-38.

*Monell*, 436 U.S. 658, 694. A plaintiff may hold a municipality liable under § 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury[.]" *Id*; *Truong v. Alief Indep. Sch. Dist.*, No. CV H-16-00427, 2016 WL 6680930, at *3 (S.D. Tex. Nov. 14, 2016) (same).[8]

Thus, to assert a claim against a municipality under § 1983 that satisfies *Monell,* a plaintiff must show: (1) that a policymaker acted on behalf of the municipality; (2) that the action constituted an official "policy or custom[;]" and, (3) that the policy or custom was the "moving force" that caused a violation of the plaintiff's rights. *Zarnow v. City of Wichita Falls*, 614 F.3d 161, 167-71 (5th Cir. 2010) (citations omitted). A plaintiff may satisfy the "policy or custom" requirement with proof of: (1) an ordinance, policy statement, regulation or decision that is officially adopted and promulgated by the municipalities' "lawmaking officers or by an official delegated policy-making authority;" or (2) "a persistent, widespread practice of city officials or employees which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Webster v. City of Hous.*, 735 F.2d 838, 841 (5th Cir. 1984); *Truong v. Alief Indep. Sch. Dist.*, No. CV H-16-00427, 2016 WL 6680930, at *3 (same). If a plaintiff attempts to use the actions of a municipalities' employees to prove a "custom," the employees' actions "must have occurred for so long or so frequently that the course of conduct warrants attribution to

---

[8] For § 1983 purposes, the City of South Padre Island is a municipality. *Accord Partain v. City of S. Padre Island, Texas,* No. CV B-16-317, 2018 WL 7202486, at *11 (S.D. Tex. Dec. 5, 2018), *report and recommendation adopted,* No. 1:16-CV-00317, 2019 WL 450680 (S.D. Tex. Feb. 5, 2019), *aff'd,* 793 F. App'x 288 (5th Cir. 2019) (addressing the City of South Padre Island's municipal liability under § 1983).

the governing body of knowledge that the objectionable conduct is the expected, accepted practice of [district] employees." *G.M. v. Shelton*, 595 F. App'x 262, 265 (5th Cir. 2014) (citing *Webster v. City of Hous.*, 735 F.2d 838, 841); *Smith v. Houston Indep. Sch. Dist.*, No. CV H-18-2938, 2018 WL 5776936, at *2 (S.D. Tex. Nov. 2, 2018) (same). Allegations describing the target custom or policy and its relationship to an underlying constitutional violation must set out specific facts and cannot be conclusory. *Id.* (citing *Spiller v. City of Tex. City*, 130 F.3d 162, 167 (5th Cir. 1997)); *Truong*, No. CV H-16-00427, 2016 WL 6680930, at *3 (same).

Dave has not identified a policy or custom constituting the moving force behind the alleged violation of his federally protected rights. That is, he has not identified: (1) an ordinance, policy statement, regulation or decision that is officially adopted and promulgated by the municipalities' "lawmaking officers or by an official delegated policy-making authority;" or (2) "a persistent, widespread practice of city officials or employees which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Webster v. City of Hous.*, 735 F.2d 838, 841; *Truong*, No. CV H-16-00427, 2016 WL 6680930, at *3 (same). In fact, Dave's claim that Defendants have a policy, pattern, custom, or practice which caused a violation of his First Amendment rights is undermined by his claim that the South Padre Island Police Department did not question or bother another videographer who "engaged in the same 1st Amendment related activities" as he did at the "same location" at a different time prior to his visit. Dkt. No. 1-2 at 3. Dave's official capacity claims against Detective Rodriguez should be dismissed pursuant to Rule 12(b)(6).

**(C) Dave's Claims Against the City and Chief O'Carroll for the Conduct of Detective Rodriguez**.  Dave has failed to state a claim against Detective Rodriguez in his official or individual capacity.  Therefore, his claims against Chief O'Carroll and the City, which are premised upon the conduct of Detective Rodriguez, are also subject to dismissal with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12(b)(6) (allowing for the dismissal of claims with prejudice if the plaintiff fails "to state a claim upon which relief can be granted").  *See also Doe ex rel. Magee v. Covington Cty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 866–67 (5th Cir. 2012) (en banc) ("We have stated time and again that '[w]ithout an underlying constitutional violation, an essential element of municipal liability is missing.'") (quoting *Becerra v. Asher*, 105 F.3d 1042, 1048 (5th Cir. 1997)); *Windham v. Harris Cty., Texas*, 875 F.3d 229, 243 (5th Cir. 2017) (same).

## IV. Recommendation

For the foregoing reasons, it is recommended that the Court **GRANT** Defendants' Motion.  Dkt. No. 82.  Additionally, for the reasons provided above it is recommended that the Court **DISMISS** all claims against Detective Rodriguez and **DIRECT** the Clerk of Court to **CLOSE** this case.

## V. Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain

error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

**SIGNED** on this **28th** day of **July**, **2022**, at Brownsville, Texas.

_____
Ignacio Torteya, III
United States Magistrate Judge